UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

UNITED STATES OF AMERICA

**DEFENDANTS**

Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co., et al (See attached copy)

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Orange County

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ANDREW T. PRIBE, AUSA
US Attorney's Office
300 N. Los Angeles St. #7211, Los Angeles, CA 90012
Tel: (213) 894-6551  Fax: (213) 894-0115

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to 26 U.S.C. Section 7402 and 28 U.S.C. Section 1331, 1340 and 1345

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: **SACV08-00668 JVS (MLGx)**

CV-71 (07/05)                               CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Orange County

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Orange County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date June 13, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN: 254904)
Assistant United States Attorney
    300 N. Los Angeles Street
    Federal Building, Room 7211
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>COMCO MANAGEMENT CORPORATION; CONCORD FUNDING CO., LLC; METCO MANAGEMENT CORPORATION; MONEX CREDIT CO.; MONEX DEPOSIT CO.; NEWPORT SERVICE CORP.; and PCCE, Inc.,<br><br>    Defendants. | Case No.:<br><br>Complaint to Reduce Federal Income Tax Assessments to Judgment and to Impose Alter Ego, Single Enterprise, Successor-in-Interest, and Transferee Liability. |

The United States of America, Plaintiff, for its complaint against Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and PCCE, Inc., Defendants, states:

*Jurisdiction & Venue*

1.     This is a civil action to reduce federal tax assessments to judgment and to recover from entities liable for these unpaid federal tax liabilities. This Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

```
SACV08- 668 JVS (MLGx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

United States Attorney's Office
SANDRA BROWN, Chief, Tax Division
ANDREW T. PRIBE, AUSA
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | **SACV08-00668 JVS (MLGx)** |
| Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and PCCE, Inc., DEFENDANT(S). | **SUMMONS** |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney ___ANDREW T. PRIBE___, whose address is:

United States Attorney's Office
300 North Los Angeles Street,
Room 7211 Tax Division
Los Angeles, CA 90012
Tel: (213) 894-6551 Fax: (213) 894-0115

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated: **JUN 13 2008**

By: _____
Deputy Clerk

*(Seal of the Court)*

CV-01A (01/01)  SUMMONS

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN: 254904)
Assistant United States Attorney
   300 N. Los Angeles Street
   Federal Building, Room 7211
   Los Angeles, California 90012
   Telephone: (213) 894-6551
   Facsimile: (213) 894-0115
   E-mail: andrew.t.pribe@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>COMCO MANAGEMENT CORPORATION; CONCORD FUNDING CO., LLC; METCO MANAGEMENT CORPORATION; MONEX CREDIT CO.; MONEX DEPOSIT CO.; NEWPORT SERVICE CORP.; and PCCE, Inc.,<br><br>    Defendants. | Case No.: **SACV08-00668 JVS (MLGx)**<br><br>Complaint to Reduce Federal Income Tax Assessments to Judgment and to Impose Alter Ego, Single Enterprise, Successor-in-Interest, and Transferee Liability. |

The United States of America, Plaintiff, for its complaint against Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and PCCE, Inc., Defendants, states:

## *Jurisdiction & Venue*

1.    This is a civil action to reduce federal tax assessments to judgment and to recover from entities liable for these unpaid federal tax liabilities. This Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, and

1345.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

3. Venue for the action is within the Central District of California under 28 U.S.C. §§ 1391(b) and 1396 because all Defendants reside in this district for purposes of venue.

***Defendants, other relevant entities, and terminology.***

4. Comco Management Corporation is a California corporation and has its principal place of business at 4910 Birch Street, Newport Beach, California.

5. Concord Funding LLC is a California limited liability company with its principal place of business at 4910 Birch Street, Newport Beach, California.

6. Monex Credit Company is a California limited partnership with its principal place of business at 4910 Birch Street, Newport Beach, California.

7. Monex Deposit Company a California limited partnership with its principal place of business at 4910 Birch Street, Newport Beach, California.

8. Monex International, Ltd., was a California corporation that merged into Monex Corporation. Monex Corporation changed its name to PCCE, Inc. Monex International, Ltd., had its principal place of business at 4910 Birch Street, Newport Beach, California.

9. Metco Management Corporation is a California corporation and has its principal place of business at 4910 Birch Street, Newport Beach, California.

10. PCCE, Inc., (f/k/a Monex Corporation) is the successor of Monex International, Ltd., and has its principal place of business at either 4910 Birch Street, Newport Beach, California, or 2102 Business Center Drive, # 220L, Irvine, California.

11. Newport Service Corporation is a California corporation with its principal place of business at 4910 Birch Street, Newport Beach, California.

12. The term "federal tax liabilities" refers to the tax liabilities specified in Count I and in paragraph 40 of Count II.

13. The term "Monex Enterprise" refers to the collective activity of the entities specified above in the leveraged sale of precious metals to the public.

14. The term "New Monex Entities" refers to Comco Management Corporation, Concord Funding LLC, Metco Management Corporation, Monex Credit Company, Monex Deposit Company, and Newport Service Corporation.

15. The term "Principals of the Monex Enterprise" refers to Louis Carabini and Michael Carabini. Other Principals of the Monex Enterprise are believed to include Kimbrough Bassett, John Tate, and Gregory Walker.

## COUNT I
### Claim to reduce federal tax assessments to judgment

16. The United States realleges paragraph 1 through 15.

17. On June 15, 1998, a delegate of the Secretary of the Treasury timely made assessments of federal income tax against Monex International, Ltd., for the years 1980, 1981, 1982, 1983, and 1984. The total balance of those assessments, plus statutory accruals, less credits, is:

| Year | Total Assessments | Total Credits | Assessed Balance | Accrued Interest | Accrued Failure to Pay Penalty | Total Balance (as of June 15, 2008) |
|---|---|---|---|---|---|---|
| 1980 | $35,356,587.71 | $9,422,171.89 | $25,934,415.82 | $57,853,213.09 | $0 | $83,787,628.91 |
| 1981 | $29,800,455.33 | $0 | $29,800,455.33 | $56,136,348.52 | $940,288.75 | $86,877,092.60 |
| 1982 | $53,861,309.20 | $0 | $53,861,309.20 | $93,822,426.47 | $1,411,738.75 | $149,095,474.42 |
| 1983 | $128,499.04 | $0 | $129,449.04 | $50,482.49 | $2,568.50 | $181,500.13 |
| 1984 | $24,018,087.31 | $0 | $24,018,087.31 | $33,245,880.30 | $1,031,498.75 | $58,295,466.36 |

**Total outstanding balance (as of June 15, 2008):** $378,237,162.42

18. Proper and timely notice and demand for payment of these tax assessments has been made on Monex International, Ltd.

19. Despite timely notice and demand for payment of these tax assessments, Monex International Ltd. has not fully paid the assessments.

20. Monex International merged into Monex Corporation.

21. Through the merger of Monex International into Monex Corporation, Monex Corporation assumed the liabilities of Monex International.

22. Monex Corporation changed its named to PCCE, Inc.

23. As successor to Monex International, Ltd., PCCE, Inc., is liable for the federal tax assessments.

24. The United States is entitled to judgment against PCCE, Inc., in the amount of $378,237,162.42 through June 15, 2008, plus subsequent statutory accruals including interest and penalties plus costs and expenses.

## COUNT II
### Claim to impose alter-ego / single-enterprise liability

*General allegations*

25. The United States realleges paragraphs 1 through 24.

26. The New Monex Entities are liable for the unpaid federal tax assessments of Monex International, Ltd., because they are the alter egos of and constitute a single enterprise with Monex International, Ltd.

27. The New Monex Entities share common ownership and interest with Monex International because Louis Carabini owned and controlled Monex International and owns and controls the New Monex Entities.

28. Recognition of the corporate separateness of the New Monex Entities would be unjust as to the United States because:

    a. Principals of the Monex Enterprise began the New Monex Entities in an attempt to escape liability for the federal tax

- 4 -

          liabilities of Monex International;

    b.    Principals of the Monex Enterprise sought to divert future revenues of the Monex Enterprise away from Monex International and into the New Monex Entities in an attempt to shield such future revenues of the Monex Enterprise from exposure to the federal tax liabilities;

    c.    In their dealings with the general public, Principals of the Monex Enterprise sought to blend together Monex International and the New Monex Entities in an effort to capitalize on the name, history, and goodwill of Monex International while using the purported corporate separateness of the entities to shield proceeds from the Monex Enterprise from exposure to the federal tax liabilities.

    d.    Principals of the Monex Enterprise used the resources of Monex International in furtherance of the Monex Enterprise while diverting the proceeds of the Monex Enterprise to the New Monex Entities.

    e.    Principals of the Monex Enterprise fragmented the Monex Enterprise into interdependent but separate entities in an effort to shield the proceeds of the Monex Enterprise from exposure to the federal tax liabilities.

***Supporting allegations***

*The Continuing Tax Liabilities of Monex International*

    29.    When the Principals of the Monex Enterprise transferred the Monex Enterprise from Monex International to the New Monex Entities, they were aware of significant exposure for federal tax liability of Monex International.

    30.    From 1980 to 1985, Monex International engaged in an abusive tax

shelter by which they reported and paid less tax than was due.

31. In March 1982, after an IRS audit, the IRS issued a notice of proposed deficiency (commonly known as a "30-day letter") to Monex International for years 1972 through 1975 for about $5.8 million (not including interest and penalties).

32. In 1986, the United States Tax Court issued its decision in *Glass v. Commissioner,* 87 T.C. 1087 (T.C. 1986).

33. In *Glass,* the Tax Court disallowed purported losses on straddle transactions on the London Metal Exchange because the transactions were shams without economic substance.

34. The abusive tax-shelter transactions engaged in by Monex International in 1980 through 1984 were substantially similar to the abusive tax-shelter transactions that were the subject of the *Glass* case.

35. In January 1988, after an IRS audit, the IRS issued a 30-day letter to Monex International for years 1976 to 1979 stating the IRS's determination that Monex International had a federal tax deficiency of about $1.8 million (not including interest and penalties).

36. In August 1988, after an IRS audit, the IRS issued a 30-day letter to Monex International for years 1980 and 1981 stating the IRS determination that Monex International had a federal tax deficiency of about $51.2 million (not including interest and penalties).

37. In January 1990, the IRS issued a statutory notice of deficiency to Monex International stating the IRS determination that Monex International had a federal tax deficiency of about $6.3 million for the tax years 1972 through 1979.

38. In April 1990, Monex International filed suit in the United States Tax Court regarding the 1972 through 1979 deficiencies.

39. This 1990 Tax Court suit was not resolved until March 1995.

40. Regarding the 1990 Tax Court suit, the Government and the Monex

International stipulated to a determination of deficiencies for the 1974 and 1978 tax years. The Tax Court entered judgment pursuant to the stipulation and these deficiencies were assessed in 1995.

41. In August 1992, the IRS issued a statutory notice of deficiency to Monex International stating the IRS determination that Monex International had a federal tax deficiency of about $172.4 million (not including interest and penalties) for tax years 1980 through 1984.

42. In October 1992, Monex International filed suit in the United States Tax Court regarding the 1980 through 1984 deficiencies.

43. This 1992 Tax Court suit was not resolved until February 1998 when the Government and Monex International stipulated to a determination of deficiencies for the 1980 through 1984 tax years.

44. The Tax Court entered judgment in February 1998 pursuant to the stipulation which resulted in the tax assessments for the 1980 through 1984 years which are at issue in this case.

45. A suit in the Tax Court generally restrains the IRS from assessing the tax, levying on property, or filing suit to collect the deficiency.

*The Principals of the Monex Enterprise altered the Corporate Structure to Avoid the Tax Liability While Continuing the Monex Enterprise*

46. The Monex Enterprise is engaged in the leveraged sales of precious metals to the general public. The Monex Enterprise makes money from their customers through commissions, fees, monthly interest, and service charges.

47. Beginning in the late 1980s and continuing through the early 1990s, the Principals of the Monex Enterprise transferred the operation of the Monex Enterprise from Monex International to the New Monex Entities in an effort to avoid exposure of the proceeds from the Monex Enterprise to outstanding federal tax liabilities.

48. Monex Deposit Company and Monex Credit Company are California Limited Partnerships formed in 1987 and constitute the core of the New Monex Entities.

49. Monex Deposit Company engages in the retail sale of precious metals.

50. Monex Credit Company provides financing to customers of Monex Deposit Company in the leveraged purchase of precious metals.

51. Newport Service Corporation provides the other entities of the Monex Enterprise with all administrative, data processing, personnel, accounting, legal, purchasing and other operational services.

52. Concord Funding Co., LLC, is a controlled entity of Monex Deposit Company and Monex Credit Company.

53. Concord Funding Co., LLC, is integrally tied to the Monex Enterprise through various agreements entered into by Concord Funding, Monex Deposit Company, and Monex Credit Company in 1995 and 2002.

54. Comco Management Company is the general partner of Monex Deposit Company.

55. Metco Management Company is the general partner of Monex Credit Company.

56. Although Louis Caribani owned and controlled Monex International and owns and controls the New Monex Entities, there were no mutual equity interests as between Monex International and the New Monex Entities.

57. Beginning in 1988, employees of Monex International were shifted to Newport Service Corporation.

58. By 1990, Monex International had no employees.

59. During and around 1991 many of the employees were shifted from Newport Service Corporation to Monex Deposit Corporation.

60. The Monex Enterprise used the same telephone numbers—800-854-

- 8 -

1  3361 and (714) 752-1400— both before and after the shift of the Monex Enterprise from Monex International to the New Monex Entities.

61. The Monex Enterprise used the same office space—4910 Birch Street, Newport Beach, California—both before and after the shift of the Monex Enterprise from Monex International to the New Monex Entities.

62. The Principals of the Monex Enterprise controlled the assets of both Monex International and the New Monex Entities.

63. The Principals of the Monex Enterprise transferred the goodwill of Monex International and the Monex Enterprise to the New Monex Entities.

64. In promotional materials believed to have been used by the New Monex Entities in June 1990, Monex Credit Company and Monex Deposit Company were identified as being "affiliate companies" of Monex International, Ltd.

65. Since at least December 1996, Monex Deposit Company—through its website monex.com—has sought to capitalize on the name, history, and goodwill of the Monex Enterprise from long before the existence of the New Monex Entities.

66. In December 1996, Monex Deposit Company on its website represented that the "Monex group of companies have served the precious metals investing public since 1967." It stated: "Monex affiliated companies have been offering precious metals investments since 1967. Monex Deposit Company (MDC) and its affiliates have executed transaction with customers totaling over $14 billion."

67. In August 2006, Monex Deposit Company represented on its website: "Monex is the largest and oldest investment firm offering precious metals to the individual investor and as such we have products and programs that we believe are unique in the industry. Our 30-year history is a testimonial to the fact that we know this business and provide a real service to the investing public."

-9-

Case 8:08-cv-00668-JVS-RNB   Document 1   Filed 06/13/08   Page 15 of 18   Page ID #:15

68. In August 2006, Monex Deposit Company represented on its website: "Monex has the experience, expertise and resources to serve most any precious metals investor's needs. Since 1967, well over one hundred thousand investors have purchased billions of dollars of gold, silver, platinum and palladium bullion and bullion coins from Monex."

69. In February 2007, Monex Deposit Company represented itself to the public on its website as being "America's most trusted name in precious metals for more than 30 years."

70. In February 2007, Monex Deposit Company on its website represented that the "Monex group of companies was founded by Louis E. Carabini in 1967 . . . ." "For over 30 years, the Monex companies have been America's gold and precious metals investment leader." "Today, three generations of the Carabini family are now working with the Monex companies, including founder Louis Carabini . . . his son, Michael, . . . and his daughter, Christina. In addition, more than 20% of Monex employees have been with the company for a decade or more . . . many of them for over 25 years."

71. The United States is entitled to judgment against Comco Management Corp.; Concord Funding, Co. LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. in the amount of $378,237,162.42 through June 15, 2008, plus subsequent statutory accruals including interest and penalties plus costs and expenses because they are the alter egos of and constitute a single enterprise with Monex International, Ltd.

## COUNT III

### Claim to impose successor-in-interest liability

72. The United States realleges paragraphs 1 through 71.

73. The New Monex Entities are liable for the unpaid federal tax assessments against Monex International, Ltd., because they are the successors-in-

- 10 -

1  interest to Monex International, Ltd.

74. The New Monex Entities assumed the Monex Enterprise, and its employees, location, phone numbers, and goodwill during the late 1980s and early 1990s without providing fair consideration to Monex International.

75. Through the conveyance of the Monex Enterprise, the United States is left without recourse against Monex International.

76. The United States is entitled to judgment against Comco Management Corp.; Concord Funding, Co. LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. in the amount of $378,237,162.42 through June 15, 2008, plus subsequent statutory accruals including interest and penalties plus costs and expenses because they are the successors-in-interest of Monex International, Ltd.

## COUNT IV
### Claim to impose fraudulent-conveyee liability

77. The United States realleges paragraphs 1 through 76.

78. The New Monex Entities are liable to the United States for the assets received from Monex International and their proceeds because the New Monex Entities are the fraudulent conveyees of the Monex Enterprise, and its employees, location, phone numbers, and goodwill from Monex International, Ltd.

79. The transfer of the Monex Enterprise, and its employees, location, phone numbers, and goodwill during the late 1980s and early 1990s was made with the intent to prevent the United States from reaching the assets and income of the Monex Enterprise.

80. The transfer of the Monex Enterprise and its employees, location, phone numbers, and goodwill was without receiving reasonably equivalent value in return and while the Principals of Monex believed or reasonably should have believed that Monex International would be without resources to pay the

1  outstanding federal tax liability.

2  81. The New Monex Entities assumed the Monex Enterprise, and its employees, location, phone numbers, and goodwill during the late 1980s and early 1990s without providing fair consideration to Monex International.

82. The United States is entitled to judgment against Comco Management Corp.; Concord Funding, Co. LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. as fraudulent conveyees of Monex International, Ltd., and attaching the assets transferred and their proceeds in satisfaction of the Government's claim.

WHEREFORE, the United States of America requests the Court to:

(a) Enter judgment against PCCE, Inc., in the amount of $378,237,162.42 as of June 15, 2008 plus subsequent statutory accruals including interest and penalties plus costs and expenses;

(b) Find that Comco Management Corp.; Concord Funding Co., LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. are the alter egos of and constituted a single enterprise with Monex International, Ltd.;

(c) Find that Comco Management Corp.; Concord Funding Co., LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. are successors-in-interest of Monex International, Ltd.;

(d) Enter judgment against Comco Management Corp.; Concord Funding Co., LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. in the amount of $378,237,162.42 plus subsequent statutory accruals including interest and penalties plus costs and expenses;

(e) Find that Comco Management Corp.; Concord Funding Co., LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. are fraudulent conveyees of the Monex Enterprise from Monex

|   |   |   |
|---|---|---|
| 1 | International, Ltd.; | |
| 2 | (f) Enter judgment against Comco Management Corp.; Concord Funding Co., LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp., for the assets transferred and their proceeds and attach those assets and their proceeds in satisfaction of the Government's claim; and | |
| 6 | (g) Order any further relief it deems just and appropriate. | |

DATED: June 13, 2008

THOMAS P. O'BRIEN
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

*/s/ Andrew Pribe*

ANDREW PRIBE
Assistant United States Attorney

Attorney for Defendant
United States of America