1    Neil A. Goteiner (State Bar No. 83524)
         ngoteiner@fbm.com
2    Deepak Gupta (State Bar No. 226991)
         dgupta@fbm.com
3    Farella Braun & Martel LLP
     235 Montgomery Street, 17th Floor
4    San Francisco, CA  94104
     Telephone:  (415) 954-4400
5    Facsimile:   (415) 954-4480

6    Attorneys for Defendants
     COMCO MANAGEMENT CORPORATION;
7    CONCORD FUNDING CO., LLC; METCO
     MANAGEMENT CORPORATION; MONEX
8    CREDIT CO.; MONEX DEPOSIT CO.;
     NEWPORT SERVICE CORP.
9

10   RUFUS VONTHULEN RHOADES
     P.O. Box 7068
11   Pasadena, CA  91109-7068
     Telephone:  (626) 683-4566
12   Facsimile:  (626) 792-0195

13   Attorney for Defendant
     PCCE, INC.
14

15              UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17                  SOUTHERN DIVISION

18

| 19 | UNITED STATES OF AMERICA, | Case No. SACV08-00668 JVS (MLGx) |
|---|---|---|
| 20 | Plaintiff, | **DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 21 | vs. | |
| 22 | COMCO MANAGEMENT CORPORATION; CONCORD FUNDING CO., LLC; METCO MANAGEMENT CORPORATION; MONEX CREDIT CO.; MONEX DEPOSIT CO.; NEWPORT SERVICE CORP.; AND PCCE, INC., | Date:        October 19, 2009 |
| 23 | | Time:       1:30 p.m. |
| 24 | | Ctrm:      Hon. James V. Selna |
| 25 | | PRETRIAL CONFERENCE AND TRIAL DATES:  NOT SET |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)

23432\2026643.2

## NOTICE OF MOTION

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Parties' stipulation and this Court's order thereto, on October 19, 2009 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable James Selna in Courtroom 10(c) of the United States District Court of the Central District of California, Southern Division, Defendants, will move the Court (1) pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) for an order dismissing certain of Plaintiff's claims for failure to state a claim on which relief may be granted, or in the alternative, (2) pursuant to Fed. R. Civ. P. 12(e) and (f), for an order requiring a more definite statement and striking portions of the Complaint.

This motion is made following the conference of counsel pursuant to L.R. 7-3. which defendants initiated on August 19, 2009 and continued on August 24, 2009 to accommodate trial counsel's schedule.

Dated:  August 24, 2009                    FARELLA BRAUN & MARTEL LLP


                                           By:  /s/ Neil Goteiner
                                                Neil Goteiner
                                                Attorneys for Defendants


Dated:  August 24, 2009


                                           By:  /s/ Rufus T. Rhoades
                                                Rufus T. Rhoades
                                                Attorney for Defendant PCCE, Inc.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - i -

23432\2026643.2

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION ..................................................................................................i

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

I.   INTRODUCTION ...............................................................................................1

II.  STATEMENT OF FACTS ................................................................................2

   A.   Procedural History ..................................................................................2

   B.   The Government Sues The Assessed Entity And Asks This Court To Disregard The Separateness Of Six Other Corporate Entities To Collect ...................................................................................2

   C.   The Four Counts In The IRS' Complaint ............................................3

III. LEGAL PLEADING STANDARDS ..............................................................5

IV.  ARGUMENT .......................................................................................................6

   A.   Plaintiff's Complaint Fails Rule 9 And Rule 8 By Lumping Defendants, And Omitting Individualized Allegations Against Each Defendant. ...........................................................................................6

   B.   The Fraudulent Transfer Claim Fails to Plead "What," "When" And "How" With Particularity...........................................................9

      1.   The Few Assets Noted Do Not Identify With Sufficient Particularity "What" Was Allegedly Transferred....................10

         a.   The "Monex Enterprise" Is Not Described With Sufficient Particularity to Survive Rule 9(b) Scrutiny..................................................................................10

         b.   "Employees" Are Not Property For Purposes Of CUFTA. ...............................................................................12

         c.   Though The IRS Alleges A "Location" Was Transferred It Manifestly Does Not Allege That Any Real Property Was Transferred. ............................12

      2.   The IRS Has Failed To Identify With Particularity "When" The Alleged Fraudulent Transfers Took Place...........13

      3.   Plaintiff Has Failed To Provide The "How" Of The Alleged Fraudulent Transfers. ..................................................13

   C.   Plaintiff's Demand For Judgment Against Each Of "The New Monex Entities" Fails Because Such Relief Is Not Available Under Fraudulent Conveyance Law. ...................................................14

V.   CONCLUSION ..................................................................................................15

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

1

# TABLE OF AUTHORITIES

2
<u>Page</u>

3

## FEDERAL CASES

4   *Arikat v. JP Morgan Chase & Co.,*
        430 F. Supp. 2d 1013 (N.D. Cal. 2006)............................................................6
5

6   *Atchison v. Brown & Bryant,*
        159 F.3d 358 (9th Cir. 1997)..........................................................................12

7   *Bly-Magee v. California,*
        236 F.3d 1014 (9th Cir. 2001)....................................................................6, 8, 9
8

9   *In re Brun,*
        360 B.R. 669 (Bankr. C.D. Cal. 2007)......................................................13, 14

10  *Elliott v. Glushon,*
        390 F.2d 514 (9th Cir. 1967).........................................................................14
11

12  *Ellison v. American Image Motor Co.,*
        36 F. Supp. 2d 628 (S.D.N.Y. 1999)..............................................................5, 6

13  *Forum Insurance Co. v. Devere Ltd.,*
        151 F. Supp. 2d 1145 (C.D. Cal. 2001)...................................................9, 11, 14
14

15  *Gauvin v. Trombatore,*
        682 F. Supp. 1067 (N.D. Cal. 1988)..................................................................5

16  *General-Probe, Inc. v. Amoco Corp.,*
        926 F. Supp. 948 (S.D. Cal. 1996)....................................................................5
17

18  *Grewal v. Choudhury,*
        2007 U.S. Dist. LEXIS 81856 (N.D. Cal. 2007).............................................6, 13

19  *IUE AFL-CIO Pension Fund v. Herrmann,*
        9 F.3d 1049 (2d Cir. 1993)...............................................................................9
20

21  *Mann v. GTCR Golder Rauner, LLC,*
        483 F. Supp. 2d 884 (D. Ariz. 2007)..................................................................9

22  *Neubronner v. Milken,*
        6 F.3d 666 (9th Cir. 1993)................................................................................6
23

24  *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.,*
        85 F. Supp. 2d 282 (S.D.N.Y. 2000)..................................................................5

25  *Rolo v. City Investing Co. Liquidating Trust,*
        155 F.3d 644 (3d Cir. 1998)..............................................................................9
26

27  *In re Stac Electric Sec. Litigation,*
        89 F.3d 1399 (9th Cir. 1996)............................................................................9

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - iii -

23432\2026643.2

*Sunnyside Development Co., LLC, v. Cambridge Display Tech. Ltd.,*
  2008 U.S. Dist. LEXIS 74850 (N.D. Cal. 2008)......................................5, 6, 7

*Super Vision International, Inc. v. Mega International Committee Bank Co.,*
  534 F. Supp. 2d 1326 (S.D. Fla. 2008)...........................................................9

*Van Dyke Ford, Inc. v. Ford Motor Co.,*
  399 F. Supp. 277 (E.D. Wis. 1975)...........................................................5, 7

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003).............................................................7, 9, 13

# CONSTITUTIONS

U.S. Constitution
  Amendment XIII....................................................................................8
  Amendment XV......................................................................................8

# FEDERAL RULES

Federal Rules of Civil Procedure
  Rule 8..............................................................................................1, 2
  Rule 9(b) ......................................................................................*passim*
  Rule 12(b)(6) ..........................................................................................1
  Rule 12(e) ...............................................................................................2

# STATE STATUTES

California Civil Code
  § 3439 *et seq* ........................................................................................1
  § 3439.01(a)..........................................................................................10
  § 3439.01(e)............................................................................................8
  § 3439.01(h)..........................................................................................10
  § 3439.01(i)...........................................................................................10
  § 3439.04(b)(4).......................................................................................13
  § 3439.07(c)............................................................................................7
  § 3439.08(c)...........................................................................................15

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)

- iv -

23432\2026643.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff IRS's fraudulent conveyance claim fails to meet fundamental pleading requirements of Fed. R. Civ. Pro. 8 and 9(b), and should be dismissed. The Complaint avers that Defendants – which the Complaint styles "New Monex Entities" – are alter egos, successors and fraudulent transferees of Monex International, Ltd., a company against whom a tax was assessed in 1998. Plaintiff's fraudulent transfer theory is that Monex International Ltd. fraudulently and intentionally transferred assets to these "New Monex Entities." The IRS does not specify which "New Monex Entities" received what property items, or the timing of the transfer to any defendant. Instead, the IRS lumps all of these defendants together and states vaguely that assets were transferred to these entities as a collective group. Rules 8 and 9(b) prohibit such lumped pleading of actual fraudulent allegations because defendants are unable to determine what allegations pertain to them individually, and which defendants had what alleged intent to defraud. They are left unable to meaningfully respond to such a complaint.

Just as the Complaint fails to identify the "who" of the alleged fraudulent conveyances, it fails to state with particularity the "what," "when" and "how" of the alleged fraudulent conveyances. For instance, the IRS claims "employees" were transferred. But employees are not property under the controlling California Uniform Fraudulent Transfer Act, California Civil Code §§ 3439 *et seq*. (the "CUFTA"). Similarly, while the Complaint alleges a "location" was transferred, conspicuously absent is any allegation that any lease holds or interest in real property was transferred to the New Monex Entities. These allegations are necessary under Rule 9(b) and are important to put defendants on notice of the type of relief that the IRS is seeking. A proper fraudulent transfer claim alleges that a valuable asset that would have been available to satisfy a creditor's claim has been improperly transferred with actual or constructive fraudulent intent to put the asset

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - 1 -

23432\2026643.2

1   beyond the reach of the creditor.  Relief for a fraudulent transfer means that the

2   transferee either returns the improperly transferred asset to the transferor, or pays

3   the value of the transferred asset at the time of the improper transfer.  It's therefore

4   critical that the IRS put defendants on notice of what assets the IRS contends were

5   fraudulently transferred, to whom, and when.

6         At the very least, if the IRS want to proceed with their CUFTA claim, Rules

7   8, 9(b) and 12(e) require the IRS to state a more specific, definite and detailed claim

8   against each defendant so that each defendant can respond to the IRS complaint.

9

10  **II.   STATEMENT OF FACTS**

11       **A.   Procedural History**

12        The IRS sued seven separate defendants on June 13, 2008 in this action to

13  reduce to judgment a federal tax assessment entered in 1998.  Compl. ¶ 1.[1]  The

14  parties conducted limited informal discovery for several months while requesting

15  continuances to serve the complaint.  Dkts 3, 8 and 9.  Defendants attempted to

16  piece together the narrative of relevant events, which was more difficult given that

17  the IRS waited ten years to file its complaint.  The IRS served the Complaint on

18  June 5, 2009.  Dkt 11.  The parties stipulated to an extension of time to respond or

19  otherwise answer the complaint until July 24, 2009 and then until August 24, 2009.

20  Dkt 13.

21       **B.   The Government Sues The Assessed Entity And Asks This Court
             To Disregard The Separateness Of Six Other Corporate Entities
22           To Collect.**

23        The IRS bases its action to reduce to judgment on what it alleges is a June

24  15, 1998 tax assessment for tax years 1980-84; the IRS and defendant Monex

25  International had previously stipulated to the assessment.  ¶¶ 17, 42-43.  The IRS

26  complaint seeks not only to reduce that assessment to judgment against Monex

27

28  [1] Reference to paragraphs of the Complaint hereafter shall be in the form "¶ __."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                          - 2 -

1   International's alleged successor, PCCE, Inc., but also asks the Court to disregard

2   the corporate separateness of six additional entities and hold them liable for the

3   same assessment.  The IRS's claim during its ten year delay has now ballooned to

4   $378,237,162.42, with interest and penalties. ¶ 24.

5           **C.**    **The Four Counts In The IRS' Complaint.**

6           **Count 1 – Reducing to Judgment Against PCCE.**  Count 1 of the

7   complaint seeks to reduce the 1998 assessment to judgment against PCCE, who the

8   IRS claims is the successor of Monex International.  The complaint alleges that

9   Monex International was merged into Monex Corporation, whose name was then

10  changed to PCCE, Inc.  ¶¶ 16-24.

11          **Count 2 – Alter Ego/Single Enterprise.**  In addition to PCCE, the

12  Complaint seeks to impose liability for the assessment amount on separate

13  companies styled the "New Monex Entities."  They are alleged "alter egos" and are

14  averred to constitute a "single-enterprise" with Monex International.  ¶ 26.  The

15  term "New Monex Entities" is defined as Comco Management Corporation,

16  Concord Funding, LLC, Metco Management Corporation, Monex Credit Company,

17  Monex Deposit Company and Newport Service Corporation.  ¶ 14.

18          In Count 1, the IRS alleges that "the Principals of the Monex Enterprise

19  transferred the operation of the Monex Enterprise from Monex International to the

20  New Monex Entities in an effort to avoid exposure of the proceeds from the Monex

21  Enterprise to outstanding federal tax liabilities." ¶ 47.  "The Monex Enterprise" is

22  elsewhere defined as "the collective activity of [the New Monex Entities along with

23  Monex International, Ltd. and its alleged successor PCCE] in the leveraged sale of

24  precious metals to the public." ¶ 13.  In effect, the IRS is alleging that the old

25  Monex International's business of leveraged sale of precious metals was transferred

26  to a new set of entities and therefore the new entities should pay Monex

27  International's old tax liability.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)
- 3 -

23432\2026643.2

1   As supporting allegations, the IRS states that "[b]eginning in 1988,

2   employees of Monex International were shifted to Newport Service Corporation.

3   ¶ 57.  These employees were then shifted to Monex Deposit Corporation.  ¶ 59.

4   The IRS states that the "[t]he Monex Enterprise used the same telephone numbers

5   both before and after the shift," and the same "office space."  ¶¶ 60-61.  Further, it

6   alleges that goodwill was transferred from Monex International to the New Monex

7   Entities.  ¶ 63.

8   The Complaint quotes statements from the Monex.com website allegedly

9   indicating that Monex Deposit Company has tried to "capitalize" on the history of

10  Monex International, Ltd.  ¶¶ 65-70.

11  **Count 3 – Successor-in-Interest Liability.**  In Count 3, Plaintiff alleges that

12  the "New Monex Entities assumed the Monex Enterprise, and its employees,

13  location, phone numbers, and goodwill during the late 1980s and early 1990s

14  without providing fair consideration to Monex International."  ¶ 73.  Therefore, the

15  IRS alleges, it is left without recourse against Monex International and is entitled to

16  judgment against the New Monex Entities.  ¶ 74.

17  **Count 4 – Fraudulent Conveyee Liability.**  This count, which is the subject

18  of this motion, alleges that "The New Monex Entities are liable to the United States

19  for the assets received from Monex International and their proceeds because the

20  New Monex Entities are the fraudulent conveyees of the Monex Enterprise, and its

21  employees, location, phone numbers, and goodwill from Monex International, Ltd."

22  ¶ 78. [2]  Plaintiff alleges the fraudulent transfer was intentional.  ¶ 79 ("with the

---

23  [2] Defendants do not view the complaint as asserting the fraudulent conveyance

24  claim against defendant PCCE.  The Complaint, however, can be read to be
    ambiguous as to whether the alter ego theory swells the fraudulent conveyance

25  claim to reach PCCE, the alleged successor of Monex International Ltd. In a meet
    and confer today, the AUSA declined to stipulate that the Complaint's fraudulent

26  conveyance claim did not reach PCCE. Accordingly, to err on the side of caution,
    PCCE is joining this motion to the extent that Plaintiff contends that Count IV

27  should be regarded as containing allegations in regard to Monex International Ltd,
    whom the Plaintiff alleges is PCCE's predecessor in interest.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)

- 4 -

23432\2026643.2

1  intent to prevent the United States from reaching the assets and income of the

2  Monex Enterprise.")  The IRS further states "reasonably equivalent value" was not

3  received in return for the relevant assets and that the Monex principals "believed or

4  reasonably should have believed" that Monex International would be without

5  resources to pay the outstanding federal tax liability due to the transfer.  ¶ 80.  The

6  IRS asks for "judgment" against the New Monex Entities and "attaching the assets

7  transferred and their proceeds" in satisfaction of the Government's claim.  ¶ 82.

8  **III.   LEGAL PLEADING STANDARDS**

9         A complaint may not lump together allegations against multiple defendants.

10 Though the notice pleading standard of Rule 8 is liberal, where a plaintiff sues

11 multiple defendants and sets forth multiple causes of action, he "must allege the

12 basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure

13 8(a)(2), which requires a short and plain statement of the claim to put defendants on

14 sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.

15 Supp. 1067, 1071 (N.D. Cal. 1988).  Even absent other pleading deficiencies, such

16 "confusion of which claims apply to which defendants would require that the

17 complaint be dismissed with leave to file an amended complaint." *Gen-Probe, Inc.*

18 *v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (*citing Gauvin*, 682 F.

19 Supp. at 1071).  "Specific identification of the parties to the activities alleged is

20 required . . . to enable the defendant[s] to plead intelligently." *Van Dyke Ford, Inc.*

21 *v. Ford Motor Co.*, 399 F. Supp. 277, 284 (E.D. Wis. 1975).[3]

22 ---

[3] Similar to Rule 8, Fed. R. Civ. P. (9)(b) also prohibits a plaintiff from lumping
23 together multiple defendants under a collective fraud theory, and thereby
sidestepping particularized claims against individual defendants.  Rule 9(b)
24 "requires that a plaintiff plead with sufficient particularity attribution of the alleged
misrepresentations or omissions to *each defendant*." *See Sunnyside Dev. Co., LLC,*
25 *v. Cambridge Display Tech. Ltd.*, 2008 U.S. Dist. LEXIS 74850 (N.D. Cal. 2008);
*see also Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F.
26 Supp. 2d 282, 294 (S.D.N.Y. 2000), *aff'd*, 242 F.3d 366 (2d Cir. 2001) ("[w]hen
fraud is alleged against multiple defendants, a plaintiff must plead with particularity
27 by setting forth separately the acts or omissions complained of by each defendant.")
28 Put simply, "Rule 9(b) is not satisfied by a complaint in which defendants are

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)

- 5 -

23432\2026643.2

1    While Plaintiff relies heavily on its alter ego theory apparently to side step

2    Rule 8, there is no alter ego exception to the Rule's requirement of individualized

3    allegations  In *Gen-Probe, Inc.*, the court required a plaintiff alleging multiple

4    defendants were alter egos of one another to plead individual allegations regarding

5    patent infringement as to each of the alleged alter ego defendants. *Id.* at 951, 960-

6    62. *See also Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1021-22

7    (N.D. Cal. 2006) (alter ego accusations not withstanding "allegations [were]

8    insufficient in that they [were] ascribed to defendants collectively rather than to

9    individual defendants.")

10

11   **IV.   ARGUMENT**

12       **A.   Plaintiff's Complaint Fails Rule 9 And Rule 8 By Lumping
             Defendants, And Omitting Individualized Allegations Against
13           Each Defendant.**

14       In addition to Rule 8, Plaintiff's fraudulent conveyance claim against the

15   "New Monex Entities" must adhere to the heightened pleading standard of Rule 9,

16   because the claim alleges actual fraudulent intent. Compl. ¶ 79. Rule 9(b) is

17   directly applicable to actual fraudulent conveyance claims. *See, e.g., Sunnyside*

18   *Dev. Co., LLC, v. Cambridge Display Tech. Ltd.*, 2008 U.S. Dist. LEXIS 74850,

19   *23 (N.D. Cal. 2008).[4] "[D]efendants accused of defrauding the federal government

20   have the same protections as defendants sued for fraud in other contexts." *Bly-*

21   *Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) (and applying Rule 9(b) in

22   False Claims Act case).   The IRS failed to make individualized allegations against

23

24   lumped together in vague allegations." *Ellison v. American Image Motor Co.*, 36
     F. Supp. 2d 628, 640 (S.D.N.Y. 1999) (citation and quotation marks omitted.)
25
     [4] Under Rule 9(b), claims of actual intent to fraudulently transfer "must specify
26   such facts as the times, dates, places, benefits received, and other details of the
     alleged fraudulent activity"). *See also, Grewal v. Choudhury*, 2007 U.S. Dist.
27   LEXIS 81856 (N.D. Cal. 2007) (citing *Neubronner v. Milken*, 6 F.3d 666, 671-72
     (9th Cir. 1993)).
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - 6 -

23432\2026643.2

1   each defendant regarding the alleged actual fraudulent transfers, which fails the

2   Rule 8 requirement as well as the Rule 9(b) "who, what, when, where, and how"

3   requirement. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04, 1106

4   (9th Cir. 2003) (Rule 9(b) requires that "the circumstances constituting fraud or

5   mistake shall be stated with particularity," and the allegations "must be

6   accompanied by 'the who, what, when, where, and how' of the misconduct

7   charged.").[5]

8       Count IV of the complaint alleges only that assets were transferred generally

9   to the "New Monex Entities." *See* ¶ 78 ("New Monex Entities are fraudulent

10  conveyances of the Monex Enterprise..."); ¶ 81 ("New Monex Entities assumed the

11  Monex Enterprise..."). Such generalized allegations fundamentally violate the

12  requirement under Rule 8 and the similar requirement under Rule 9(b) that

13  averments—particularly those of fraud—be individualized against all defendants.[6]

14  This is particularly true of fraudulent transfer claims where a transferee is generally

15  only liable for the value of the property transferred to it, measured at the time of the

16  transfer. Cal. Civ. Code § 3439.07(c).

17      The remainder of the Complaint similarly lacks the required individualized

18  allegations. While the alter ego count claims allegations of supposed asset

19

20  [5] To the extent Plaintiff may have pled constructive fraud in the alternative, that
    does not eliminate the need for it to plead actual fraud with particularity. *Vess,* 317
21  F.3d. at 1103-04 (plaintiff choosing to allege actual fraud even where not a
    "necessary element" must "satisfy the particularity requirement" for "claim as a
22  whole" or at least to averments of fraud); *Sunnyside,* 2008 U.S. Dist. LEXIS 74850,
    at *23-24, 28.

23  [6] *See, e.g., Van Dyke Ford, Inc. v. Ford Motor Co.,* 399 F. Supp. 277, 284 (E.D.
24  Wis. 1975) (holding under Rule 8, "Specific identification of the parties to the
    activities alleged is required . . . to enable the defendant[s] to plead intelligently.");
25  *Sunnyside Dev. Co., LLC, v. Cambridge Display Tech. Ltd.,* 2008 U.S. Dist. LEXIS
    74850 (N.D. Cal. 2008) (under Rule 9(b) requiring particular pleading to individual
26  defendants of actual fraudulent transfer claims; "plaintiff's failure to differentiate
    between the various CDT entities (when it has so punctiliously done so in other
27  pleadings) means that plaintiff 'has failed to plead with sufficient particularity
    attribution of the alleged misrepresentations or omissions to each defendant'.")
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - 7 -

23432\2026643.2

1    transfers, those transfers of telephone numbers and office space are also general to

2    the "New Monex Entities." This lumping still fails to notify the individual

3    defendants of their involvement, making it impossible for them to respond

4    meaningfully. *See* ¶¶ 60, 61 and 63.[7]

5         As Plaintiff has not seriously alleged cognizable transfers to defendants

6    individually, defendants are not on reasonable notice of the fraudulent transfer

7    claims against them and are in no position to answer the Complaint's averments.

8    This form of pleading fails "to give defendants notice of the particular misconduct

9    which is alleged to constitute the fraud charged so that they can defend against the

10   charge and not just deny that they have done anything wrong." *Bly-Magee,* 236

11   F.3d at 1019.

12        Individualized pleading under Rule 9(b) is of particular importance "to deter

13   the filing of complaints as a pretext for the discovery of unknown wrongs, to

14   protect [defendants] from the harm that comes from being subject to fraud charges,

15   and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and

16

17

18   _____

19   [7] There is a specific allegation of "employee" transfers to Newport Service
     Corporation and a subsequent transfer to Monex Deposit Company, but employees
20   are not property, and their transfers are therefore not cognizable under CUFTA,
     which only permits recovery for transfers of "assets" which are defined as interests
21   in "property," which is in turn defined as things capable of ownership. *See* Cal.
     Civ. Code §§ 3439.01(e) and (h).  Employees cannot be owned.  U.S. Const.
22   Amendment XIII and XV.  Further, even if "employee" transfers to two of the
     "New Monex Entities" could support a claim under CUFTA (they cannot) there are
23   nevertheless no individualized allegations of asset transfers to the other "New
     Monex Entities" – Comco Management Co., Concord Funding Co., Metco
24   Management Corp. or Monex Credit Corp. – in the Complaint. *See* ¶¶ 48-55
     (alleging no specific transfers to these entities.)  As a matter of public record, for
25   example, Concord Funding Co. LLC was not even formed until 1995, long after
     most of the complained of alleged conduct occurred and the only allegation tying it
26   to any transfer is that it is owned by two of the other entities and is somehow
     "integrally tied" to the "Monex Enterprise" because it entered into contractual
27   agreements of some kind "in 1995 and 2002."  ¶¶ 52, 53.
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - 8 -

1    society enormous social and economic costs absent some factual basis." *In re Stac*

2    *Elec. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir. 1996).[8]

3        The IRS' lumped pleading also runs afoul of fraudulent transfer pleading

4    requirements.  Any relief may be had only against the specific transferee of the

5    particular asset transferred.  *Forum Ins. Co. v. Devere Ltd.,* 151 F. Supp. 2d 1145

6    (C.D. Cal. 2001), *aff'd* 62 Fed. Appx. 151 (9th Cir. 2003) (relief against alleged co-

7    conspirator limited solely to any specific assets transferred).  In *Forum Insurance*

8    the Central District of California expressly rejected a request to hold liable an

9    accountant for allegedly "conspiring" in an alleged fraud under CUFTA.  Any

10   recourse against the accountant was limited to a transferred asset.  Thus, holding the

11   IRS to the "no lumping" standard is not only required by the Federal Rules, but

12   CUFTA as well.[9]

13   **B.    The Fraudulent Transfer Claim Fails to Plead "What," "When"**
14   **And "How" With Particularity.**

15       Even apart from lumping defendants, which fails the "who" criterion of

16   pleading with particularity, Plaintiff also failed to satisfy the "what", "when" and

17   "how" prongs of Rule 9(b) .  *See Vess,* 317 F.3d at 1106; *Bly-Magee v. California,*

18   236 F.3d at 1014 ("defendants accused of defrauding the federal government have

19

---

20   [8] *See also Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 658 (3d Cir.
21   1998) ("The purpose of Rule 9(b) is to provide notice of the 'precise misconduct'
     with which defendants are charged and to prevent false or unsubstantiated
22   charges."); *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1057 (2d Cir.
     1993) (Rule 9(b)'s heightened pleading requirement alerts defendants to specific
23   facts upon which a fraud claim is based and safeguards a "defendant's reputation
     and goodwill from improvident charges of wrongdoing").

24   [9] *See also Super Vision Int'l, Inc. v. Mega Int'l Comm. Bank Co.,* 534 F. Supp. 2d
25   1326 (S.D. Fla. 2008) (under the similar UFTA in Florida, there is no cause of
     action against a party who assists or aids or abets a fraudulent transfer where the
26   party does not come into possession of the property transferred); *Mann v. GTCR
     Golder Rauner, LLC,* 483 F. Supp. 2d 884 (D. Ariz. 2007) (there is no independent
27   cause of action for aiding and abetting a fraudulent transfer under the similar
     Arizona UFTA.)
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - 9 -

23432\2026643.2

1  the same protections as defendants sued for fraud in other contexts," and applying

2  Rule 9(b) in False Claims Act case).  Plaintiff devotes little attention to the

3  particulars of the alleged fraud beyond conclusory statements that a fraudulent

4  transfer occurred.

### 1. The Few Assets Noted Do Not Identify With Sufficient Particularity "What" Was Allegedly Transferred.

7  Regarding what was transferred, the IRS has failed to identify with

8  particularity any assets that Monex International transferred to any specific alleged

9  transferee. The complaint alleges: "The New Monex Entities are liable to the

10  United States for the assets received from Monex International and their proceeds

11  because the New Monex Entities are the fraudulent conveyees of the Monex

12  Enterprise, and its employees, location, phone numbers, and goodwill from Monex

13  International, Ltd." ¶ 78.

### a. The "Monex Enterprise" Is Not Described With Sufficient Particularity to Survive Rule 9(b) Scrutiny.

16  The IRS alleges that the "Monex Enterprise" was an asset transferred to the

17  "New Monex Entities" within its claim for fraudulent conveyance liability.  ¶ 78.

18  The amorphous concept of the "Monex Enterprise" fails to comply with the

19  requirement under Rule 9(b) that the "what" of a fraudulent transfer be identified

20  with particularity.

21  The complaint defines the Monex Enterprise to include the "collective

22  activity" of the "New Monex Entities" and PCCE "in the leveraged sale of precious

23  metals to the public." ¶¶ 13, 14.  There is no indication as to what "collective

24  activity" means, and why this unspecified "activity" is the "property" of Monex

25  International as the CUFTA defines property.  *See* Civil Code § 3439.01(i),

26  § 3439.01(a), § 3439.01(h) (CUFTA provides that only transfers of "assets", which

27  are in turn defined as "property" are subject to avoidance, and property is that

28  which is "subject to ownership").

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                - 10 -

23432\2026643.2

1       The Complaint's allegations about the undifferentiated "Monex Enterprise"

2   raise serious doubts as to whether fraudulent conveyance law is even applicable.

3   For example, in relation to defendant Concord Funding, the IRS alleges that it had

4   "agreements" with some of the other entities and is therefore "integrally tied" to the

5   other entities. ¶¶ 52-53.  Regardless of whether such an allegation could support

6   liability under an alter ego theory, a mere "agreement" does not support a claim

7   under fraudulent transfer law.  Fraudulent conveyance relief is limited to assets

8   transferred.  *Cf. Forum Ins. Co.*, 151 F. Supp. 2d 1145 (relief against alleged co-

9   conspirator limited to specific assets transferred.)

10       The "Monex Enterprise" transfer narrative is also irreparably circular.  The

11   "Monex Enterprise" is defined to include the "New Monex Entities" themselves.

12   Compare ¶¶ 13 and 14 (Monex Enterprise defined to include each of the "New

13   Monex Entities").  Apparently, the IRS is alleging a transfer of collective activity in

14   whole or in part, from the New Monex Entities to themselves.  Such an internal

15   self-transfer is by definition not a transfer at all.  This circularity is grounds for

16   requiring a more definite statement under Rule 12(e) or dismissal under Rule 9(b).

17   *Cf. Sunnyside* at *23-24 (contradictory averment as to whether lawsuit filed before

18   or after transfer agreement reached fails 9(b) scrutiny).

19       The IRS' vague description of a transfer of the "Monex Enterprise" is similar

20   to the plaintiff's insufficient fraud allegation in *Sunnyside* that "all or almost all" of

21   a company's assets were transferred for little or no consideration.  Sunnyside held

22   that this allegation standing alone did not pass muster under Rule 9(b).  *Sunnyside*

23   at *24.[10]

---

[10] Plaintiff's allegation of an enterprise transfer appears to be a restatement of its alter ego claim for liability.  Plaintiff should be required to distinguish these legal theories.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)

- 11 -

23432\2026643.2

1

        **b.**    **"Employees" Are Not Property For Purposes Of CUFTA.**

2

3      The IRS improperly alleges that the transfer of employees to the "New

4  Monex Entities" was a fraudulent transfer.  But employees do not constitute assets

5  the transfer of whom can be a cognizable basis for relief under the CUFTA.

6  CUFTA defines assets as "property" (§ 3439.01(a)) that can be owned

7  (§ 3439.01(h)).  Employees are not property assets that can be owned.  *See* footnote

8  7 above.  Accordingly, the employee transfer portion of Plaintiff's complaint is

9  immaterial and impertinent and should be stricken.

10     To the extent plaintiff wishes to argue that the transfer of employees is

11  indicative of a goodwill transfer, the allegation should be clarified under Rule

12  12(e).  Notably, Plaintiff's threadbare allegations that "employees" and "many

13  employees" were shifted do not even begin to present with particularity the indicia

14  required for such an argument under Rule 9(b).  *See, e.g., Atchison v. Brown &*

15  *Bryant*, 159 F.3d 358, 361, 365 (9th Cir. 1997) (rejecting argument that fraudulent

16  transaction exception to rule against successor liability should apply due to

17  employee migration, where acquiror "hired all" Pest Control Advisors, but acquiror

18  "merely offered employment", and there was "no agreement" requiring

19  employment).[11]

20

        **c.**    **Though The IRS Alleges A "Location" Was Transferred It Manifestly Does Not Allege That Any *Real Property* Was Transferred.**

21

22     The IRS avers there was a fraudulent transfer of a "location."  ¶ 78.  Upon

23  closer scrutiny of the complaint, however, what is conspicuously absent is any

24  claim that there was a transfer of real property.  In actuality, the IRS is alleging that

25

26  [11] Plaintiff's allegation that employees were fraudulently transferred further
evidences the government's mixing and matching of fraudulent transfer and alter

27  ego concepts.  Regardless of whether such employee "transfers" might be evidence
of interconnectedness for the IRS' alter ego theory, the employees are simply not

28  "property" for purposes of fraudulent transfer law.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)

- 12 -

23432\2026643.2

the New Monex Entities use the same office space as Monex International.  ¶¶ 60-61 (alleging use of same office space).  Regardless of whether an allegation of continuity of workplace may support a claim of alter ego/single enterprise liability, it does not support a claim for fraudulent transfer.  Use of the office space does not mean any ownership interest in that property was transferred—e.g., as when an office space is being rented.

### 2.   The IRS Has Failed To Identify With Particularity "When" The Alleged Fraudulent Transfers Took Place.

The IRS must state with particularity the "times, [and] dates" when the allegedly fraudulent transfer occurred. *See e.g. Grewal*, 2007 U.S. Dist. LEXIS 81856 at 5; *Vess*, 317 F.3d at 1106 ("when" required). This is necessary under CUFTA because (1) it is essential to prove a knowing act designed to prevent access to the assets at issue, and (2) because the value of any asset transferred is measured as of the time of transfer. *See, e.g.*, Cal. Civ. Code § 3439.04(b)(4) and (10) (timing of transfer probative of intent); *In re Brun*, 360 B.R. 669, 672 (Bankr. C.D. Cal. 2007) ("moving creditor may recover a judgment for the value of the 'asset' transferred at the time of the transfer, or the amount necessary to satisfy the creditor's claim, whichever is less."); § 3439.08(c) (judgment for "value at the time of transfer" subject to adjustment for equity).

Here, the IRS selected a vague time period spanning what approaches a decade as the "when" of its alleged fraudulent transfer. *See* ¶ 79 ("late 1980s and early 1990s…").  This time period is too coarse to pass muster under Rule 9(b).[12]

### 3.   Plaintiff Has Failed To Provide The "How" Of The Alleged Fraudulent Transfers.

Plaintiff's nebulous allegation that some set of assets was transferred to the "New Monex Entities" generally, fails to satisfy the "how" requirement under Rule

---

[12] At least one of the "New Monex Entities" was not even in existence in the "early 1990s." Concord Funding was not formed until 1995. *See also*, ¶ 53 (alleging agreements with Concord Funding starting in 1995).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                    - 13 -

23432\2026643.2

1   9(b).  The allegation fails to inform defendants of whether the IRS is alleging some

2   New Monex Entities are first transferees and others are subsequent transferees.

3   This is necessary because the law treats transferees and subsequent transferees

4   differently.  *Compare, e.g.,* § 3439.08(b)(1) and (2).

5       **C.    Plaintiff's Demand For Judgment Against Each Of "The New
            Monex Entities" Fails Because Such Relief Is Not Available Under**
6           **Fraudulent Conveyance Law.**

7           An overarching problem with Count IV is that the IRS seeks judgment

8   against all of the "New Monex Entities," when in fact remedies under fraudulent

9   transfer theories of liability are limited to equitable relief against the *specific*

10  *transferee* of the specific asset at issue.  *See* ¶ 82 (asking for the sweeping remedy

11  of a judgment against all of the New Monex Entities for fraudulent conveyance).

12  Remedies under fraudulent transfer law do not extend to all entities who may have

13  participated or profited as a result of a transfer.  *Cf. Elliott v. Glushon*, 390 F. 2d

14  514 (9th Cir. 1967) (no joint and several liability for all those allegedly involved in

15  asset dissipation; legislative theory is one of "cancellation" of the transfer at issue);

16  *Forum Ins. Co. v. Devere Ltd.*, 151 F. Supp. 2d 1145 (C.D. Cal. 2001), *aff'd* 62

17  Fed. Appx. 151 (9th Cir. 2003).  Just as in *Forum Insurance* there was no remedy

18  against an alleged co-conspirator (regardless of whether they were operating within

19  the same enterprise as a transferee), here too any remedy will be limited to

20  equitable relief of the return of the specific asset received by the specific transferee,

21  or its value at the time of the transfer.  A sweeping request for judgment against all

22  the "New Monex Entities" beyond the specific asset transfers at issue is accordingly

23  unavailable as a matter of law.

24          Furthermore, Plaintiff seeks recovery not just of the asset at issue but also all

25  "proceeds" from the asset.  Such proceeds are unavailable in a fraudulent transfer

26  case.  The value recoverable is the value of the asset at the time of the alleged

27  fraudulent transfer.  *In re Brun,* 360 B.R. at 672 ("To the extent a transfer is

28  voidable, the moving creditor may recover a judgment for the value of the 'asset'

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                          - 14 -

23432\2026643.2

1    transferred at the time of the transfer, or the amount necessary to satisfy the

2    creditor's claim, whichever is less."); Cal. Civ. Code § 3439.08(c) (judgment

3    limited to "value at the time of the transfer" subject to equity).  Accordingly the

4    IRS may not seek the value of anything obtained by any defendant in a business

5    using one of the assets.

6

7    V.    **CONCLUSION**

8          For the reasons stated above, Defendants respectfully request that the Court

9    dismiss the IRS' Count IV for fraudulent conveyance.    In the alternative

10   Defendant requests a more definite statement of this Count, or that the Court strike

11   those portions of the claim that fails to support a claim for relief.

12

13   Dated:  August 24, 2009              FARELLA BRAUN & MARTEL LLP

14

15                                        By: /s/ Neil Goteiner
                                               Neil Goteiner
16
                                          Attorneys for Defendants
17                                        COMCO MANAGEMENT
                                          CORPORATION; CONCORD FUNDING
18                                        CO., LLC; METCO MANAGEMENT
                                          CORPORATION; MONEX CREDIT CO.;
19                                        MONEX DEPOSIT CO.; NEWPORT
                                          SERVICE CORP.
20

21   Dated:  August 24, 2009              Respectfully submitted,

22

23

24                                        By: /s/ Rufus T. Rhoades
                                               Rufus T. Rhoades
25                                             Attorney for Defendant PCCE, Inc.

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' MOTION TO DISMISS
Case No. SACV08-00668 JVS (MLGx)                - 15 -

23432\2026643.2

# EXHIBIT A

# EXHIBIT A



Case 8:08-cv-00668-JVS-MLG     Document 1     Filed 06/13/2008     Page 1 of 18

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co., et al (See attached copy) |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Orange County |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>ANDREW T. PRIBE, AUSA<br>US Attorney's Office<br>300 N. Los Angeles St. #7211, Los Angeles, CA 90012<br>Tel: (213) 894-6551  Fax: (213) 894-0115 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to 26 U.S.C. Section 7402 and 28 U.S.C. Section 1331,1340 and 1345

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☑ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:  **SACV08-00668 JVS (MLGx)**

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 1 of 2

**Exhibit A**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Orange County

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Orange County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date _June 13 2008_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 2 of 2

1   THOMAS P. O'BRIEN
    United States Attorney
2   SANDRA R. BROWN
    Assistant United States Attorney
3   Chief, Tax Division
    ANDREW T. PRIBE (CA SBN: 254904)
4   Assistant United States Attorney
        300 N. Los Angeles Street
5       Federal Building, Room 7211
        Los Angeles, California 90012
6       Telephone: (213) 894-6551
        Facsimile: (213) 894-0115
7       E-mail: andrew.t.pribe@usdoj.gov

8   Attorneys for the United States of America

9                  UNITED STATES DISTRICT COURT
10                CENTRAL DISTRICT OF CALIFORNIA
                        SOUTHERN DIVISION
11

12  UNITED STATES OF AMERICA          )
                                      )   Case No.:
13              Plaintiff,            )
                                      )
14         vs.                        )   Complaint to Reduce Federal Income
                                      )   Tax Assessments to Judgment and to
15  COMCO MANAGEMENT                  )   Impose Alter Ego, Single Enterprise,
    CORPORATION; CONCORD              )   Successor-in-Interest, and Transferee
16  FUNDING CO., LLC; METCO           )   Liability.
    MANAGEMENT CORPORATION;           )
17  MONEX CREDIT CO.; MONEX           )
    DEPOSIT CO.; NEWPORT              )
    SERVICE CORP.; and PCCE, Inc.,    )
18                                    )
                Defendants.           )
19
        The United States of America, Plaintiff, for its complaint against Comco
20
    Management Corporation; Concord Funding Co., LLC; Metco Management
21
    Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and
22
    PCCE, Inc., Defendants, states:
23

24  *Jurisdiction & Venue*
25      1.      This is a civil action to reduce federal tax assessments to judgment
26  and to recover from entities liable for these unpaid federal tax liabilities.  This
27  Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, and
28

                                    - 1 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

### SACV08- 668 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

United States Attorney's Office
SANDRA BROWN, Chief, Tax Division
ANDREW T. PRIBE , AUSA
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

**ORIGINAL**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV08-00668 JVS (MLGx)** |
| v. | |
| Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and PCCE, Inc., | **SUMMONS** |
| DEFENDANT(S). | |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
    ANDREW T. PRIBE                          , whose address is:

United States Attorney's Office
300 North Los Angeles Street,
Room 7211 Tax Division
Los Angeles, CA 90012
Tel: (213) 894-6551 Fax: (213) 894-0115

an answer to the ☒ complaint. ☐_____amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated: JUN 1 3 2008

By: _____
                    Deputy Clerk

*(Seal of the Court)*

CV-01A (01/01)                                    SUMMONS

1   THOMAS P. O'BRIEN
    United States Attorney
2   SANDRA R. BROWN
    Assistant United States Attorney
3   Chief, Tax Division
    ANDREW T. PRIBE (CA SBN: 254904)
4   Assistant United States Attorney
        300 N. Los Angeles Street
5       Federal Building, Room 7211
        Los Angeles, California 90012
6       Telephone: (213) 894-6551
        Facsimile: (213) 894-0115
7       E-mail: andrew.t.pribe@usdoj.gov

8   Attorneys for the United States of America

9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
                   SOUTHERN DIVISION
11

12  UNITED STATES OF AMERICA          )   Case No.:  **SACV08-00668 JVS (MLGx)**
                                      )
13              Plaintiff,            )
                                      )
14       vs.                          )   Complaint to Reduce Federal Income
                                      )   Tax Assessments to Judgment and to
15  COMCO MANAGEMENT                  )   Impose Alter Ego, Single Enterprise,
    CORPORATION; CONCORD              )   Successor-in-Interest, and Transferee
16  FUNDING CO., LLC; METCO           )   Liability.
    MANAGEMENT CORPORATION;           )
17  MONEX CREDIT CO.; MONEX           )
    DEPOSIT CO.; NEWPORT              )
    SERVICE CORP.; and PCCE, Inc.,    )
18                                    )
              Defendants.             )
19

20      The United States of America, Plaintiff, for its complaint against Comco

21  Management Corporation; Concord Funding Co., LLC; Metco Management

22  Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and

23  PCCE, Inc., Defendants, states:

24  *Jurisdiction & Venue*

25      1.     This is a civil action to reduce federal tax assessments to judgment

26  and to recover from entities liable for these unpaid federal tax liabilities.  This

27  Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, and

28

                                  - 1 -

1   1345.

2        2.    This action is brought at the direction of the Attorney General of the

3   United States and at the request and with the authorization of the Chief Counsel of

4   the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant

5   to 26 U.S.C. §§ 7401 and 7403.

6        3.    Venue for the action is within the Central District of California under

7   28 U.S.C. §§ 1391(b) and 1396 because all Defendants reside in this district for

8   purposes of venue.

9

10   *Defendants, other relevant entities, and terminology.*

11        4.    Comco Management Corporation is a California corporation and has

12   its principal place of business at 4910 Birch Street, Newport Beach, California.

13        5.    Concord Funding LLC is a California limited liability company with

14   its principal place of business at 4910 Birch Street, Newport Beach, California.

15        6.    Monex Credit Company is a California limited partnership with its

16   principal place of business at 4910 Birch Street, Newport Beach, California.

17        7.    Monex Deposit Company a California limited partnership with its

18   principal place of business at 4910 Birch Street, Newport Beach, California.

19        8.    Monex International, Ltd., was a California corporation that merged

20   into Monex Corporation.  Monex Corporation changed its name to PCCE, Inc.

21   Monex International, Ltd., had its principal place of business at 4910 Birch Street,

22   Newport Beach, California.

23        9.    Metco Management Corporation is a California corporation and has

24   its principal place of business at 4910 Birch Street, Newport Beach, California.

25        10.    PCCE, Inc., (f/k/a Monex Corporation) is the successor of Monex

26   International, Ltd., and has its principal place of business at either 4910 Birch

27   Street, Newport Beach, California, or 2102 Business Center Drive, # 220L, Irvine,

28   California.

- 2 -

11.   Newport Service Corporation is a California corporation with its principal place of business at 4910 Birch Street, Newport Beach, California.

12.   The term "federal tax liabilities" refers to the tax liabilities specified in Count I and in paragraph 40 of Count II.

13.   The term "Monex Enterprise" refers to the collective activity of the entities specified above in the leveraged sale of precious metals to the public.

14.   The term "New Monex Entities" refers to Comco Management Corporation, Concord Funding LLC, Metco Management Corporation, Monex Credit Company, Monex Deposit Company, and Newport Service Corporation.

15.   The term "Principals of the Monex Enterprise" refers to Louis Carabini and Michael Carabini. Other Principals of the Monex Enterprise are believed to include Kimbrough Bassett, John Tate, and Gregory Walker.

## COUNT I
### Claim to reduce federal tax assessments to judgment

16.   The United States realleges paragraph 1 through 15.

17.   On June 15, 1998, a delegate of the Secretary of the Treasury timely made assessments of federal income tax against Monex International, Ltd., for the years 1980, 1981, 1982, 1983, and 1984.  The total balance of those assessments, plus statutory accruals, less credits, is:

| Year | Total Assessments | Total Credits | Assessed Balance | Accrued Interest | Accrued Failure to Pay Penalty | Total Balance (as of June 15, 2008) |
|---|---|---|---|---|---|---|
| 1980 | $35,356,587.71 | $9,422,171.89 | $25,934,415.82 | $57,853,213.09 | $0 | $83,787,628.91 |
| 1981 | $29,800,455.33 | $0 | $29,800,455.33 | $56,136,348.52 | $940,288.75 | $86,877,092.60 |
| 1982 | $53,861,309.20 | $0 | $53,861,309.20 | $93,822,426.47 | $1,411,738.75 | $149,095,474.42 |
| 1983 | $128,499.04 | $0 | $129,449.04 | $50,482.49 | $2,568.50 | $181,500.13 |
| 1984 | $24,018,087.31 | $0 | $24,018,087.31 | $33,245,880.30 | $1,031,498.75 | $58,295,466.36 |

**Total outstanding balance (as of June 15, 2008):**          **$378,237,162.42**

-3-

1    18.    Proper and timely notice and demand for payment of these tax

2  assessments has been made on Monex International, Ltd.

3    19.    Despite timely notice and demand for payment of these tax

4  assessments, Monex International Ltd. has not fully paid the assessments.

5    20.    Monex International merged into Monex Corporation.

6    21.    Through the merger of Monex International into Monex Corporation,

7  Monex Corporation assumed the liabilities of Monex International.

8    22.    Monex Corporation changed its named to PCCE, Inc.

9    23.    As successor to Monex International, Ltd., PCCE, Inc., is liable for

10  the federal tax assessments.

11    24.    The United States is entitled to judgment against PCCE, Inc., in the

12  amount of $378,237,162.42 through June 15, 2008, plus subsequent statutory

13  accruals including interest and penalties plus costs and expenses.

14

15                              **COUNT II**
                  **Claim to impose alter-ego / single-enterprise liability**

16

17  *General allegations*

18    25.    The United States realleges paragraphs 1 through 24.

19    26.    The New Monex Entities are liable for the unpaid federal tax

20  assessments of Monex International, Ltd., because they are the alter egos of and

21  constitute a single enterprise with Monex International, Ltd.

22    27.    The New Monex Entities share common ownership and interest with

23  Monex International because Louis Carabini owned and controlled Monex

24  International and owns and controls the New Monex Entities.

25    28.    Recognition of the corporate separateness of the New Monex Entities

26  would be unjust as to the United States because:

27         a.    Principals of the Monex Enterprise began the New Monex

28               Entities in an attempt to escape liability for the federal tax

-4-

1                liabilities of Monex International;

2         b.    Principals of the Monex Enterprise sought to divert future

3               revenues of the Monex Enterprise away from Monex

4               International and into the New Monex Entities in an attempt to

5               shield such future revenues of the Monex Enterprise from

6               exposure to the federal tax liabilities;

7         c.    In their dealings with the general public, Principals of the

8               Monex Enterprise sought to blend together Monex

9               International and the New Monex Entities in an effort to

10              capitalize on the name, history, and goodwill of Monex

11              International while using the purported corporate separateness

12              of the entities to shield proceeds from the Monex Enterprise

13              from exposure to the federal tax liabilities.

14        d.    Principals of the Monex Enterprise used the resources of

15              Monex International in furtherance of the Monex Enterprise

16              while diverting the proceeds of the Monex Enterprise to the

17              New Monex Entities.

18        e.    Principals of the Monex Enterprise fragmented the Monex

19              Enterprise into interdependent but separate entities in an effort

20              to shield the proceeds of the Monex Enterprise from exposure

21              to the federal tax liabilities.

22

23    *Supporting allegations*

24    *The Continuing Tax Liabilities of Monex International*

25        29.    When the Principals of the Monex Enterprise transferred the Monex

26  Enterprise from Monex International to the New Monex Entities, they were aware

27  of significant exposure for federal tax liability of Monex International.

28        30.    From 1980 to 1985, Monex International engaged in an abusive tax

1    shelter by which they reported and paid less tax than was due.

2        31.   In March 1982, after an IRS audit, the IRS issued a notice of

3    proposed deficiency (commonly known as a "30-day letter") to Monex

4    International for years 1972 through 1975 for about $5.8 million (not including

5    interest and penalties).

6        32.   In 1986, the United States Tax Court issued its decision in *Glass v.*

7    *Commissioner*, 87 T.C. 1087 (T.C. 1986).

8        33.   In *Glass*, the Tax Court disallowed purported losses on straddle

9    transactions on the London Metal Exchange because the transactions were shams

10   without economic substance.

11       34.   The abusive tax-shelter transactions engaged in by Monex

12   International in 1980 through 1984 were substantially similar to the abusive tax-

13   shelter transactions that were the subject of the *Glass* case.

14       35.   In January 1988, after an IRS audit, the IRS issued a 30-day letter to

15   Monex International for years 1976 to 1979 stating the IRS's determination that

16   Monex International had a federal tax deficiency of about $1.8 million (not

17   including interest and penalties).

18       36.   In August 1988, after an IRS audit, the IRS issued a 30-day letter to

19   Monex International for years 1980 and 1981 stating the IRS determination that

20   Monex International had a federal tax deficiency of about $51.2 million (not

21   including interest and penalties).

22       37.   In January 1990, the IRS issued a statutory notice of deficiency to

23   Monex International stating the IRS determination that Monex International had a

24   federal tax deficiency of about $6.3 million for the tax years 1972 through 1979.

25       38.   In April 1990, Monex International filed suit in the United States Tax

26   Court regarding the 1972 through 1979 deficiencies.

27       39.   This 1990 Tax Court suit was not resolved until March 1995.

28       40.   Regarding the 1990 Tax Court suit, the Government and the Monex

- 6 -

1   International stipulated to a determination of deficiencies for the 1974 and 1978

2   tax years.  The Tax Court entered judgment pursuant to the stipulation and these

3   deficiencies were assessed in 1995.

4        41.    In August 1992, the IRS issued a statutory notice of deficiency to

5   Monex International stating the IRS determination that Monex International had a

6   federal tax deficiency of about $172.4 million (not including interest and

7   penalties) for tax years 1980 through 1984.

8        42.    In October 1992, Monex International filed suit in the United States

9   Tax Court regarding the 1980 through 1984 deficiencies.

10       43.    This 1992 Tax Court suit was not resolved until February 1998 when

11  the Government and Monex International stipulated to a determination of

12  deficiencies for the 1980 through 1984 tax years.

13       44.    The Tax Court entered judgment in February 1998 pursuant to the

14  stipulation which resulted in the tax assessments for the 1980 through 1984 years

15  which are at issue in this case.

16       45.    A suit in the Tax Court generally restrains the IRS from assessing the

17  tax, levying on property, or filing suit to collect the deficiency.

18

19  *The Principals of the Monex Enterprise altered the Corporate Structure to Avoid*
    *the Tax Liability While Continuing the Monex Enterprise*

20       46.    The Monex Enterprise is engaged in the leveraged sales of precious

21  metals to the general public. The Monex Enterprise makes money from their

22  customers through commissions, fees, monthly interest, and service charges.

23       47.    Beginning in the late 1980s and continuing through the early 1990s,

24  the Principals of the Monex Enterprise transferred the operation of the Monex

25  Enterprise from Monex International to the New Monex Entities in an effort to

26  avoid exposure of the proceeds from the Monex Enterprise to outstanding federal

27  tax liabilities.

28

-7-

48.   Monex Deposit Company and Monex Credit Company are California Limited Partnerships formed in 1987 and constitute the core of the New Monex Entities.

49.   Monex Deposit Company engages in the retail sale of precious metals.

50.   Monex Credit Company provides financing to customers of Monex Deposit Company in the leveraged purchase of precious metals.

51.   Newport Service Corporation provides the other entities of the Monex Enterprise with all administrative, data processing, personnel, accounting, legal, purchasing and other operational services.

52.   Concord Funding Co., LLC, is a controlled entity of Monex Deposit Company and Monex Credit Company.

53.   Concord Funding Co., LLC, is integrally tied to the Monex Enterprise through various agreements entered into by Concord Funding, Monex Deposit Company, and Monex Credit Company in 1995 and 2002.

54.   Comco Management Company is the general partner of Monex Deposit Company.

55.   Metco Management Company is the general partner of Monex Credit Company.

56.   Although Louis Caribani owned and controlled Monex International and owns and controls the New Monex Entities, there were no mutual equity interests as between Monex International and the New Monex Entities.

57.   Beginning in 1988, employees of Monex International were shifted to Newport Service Corporation.

58.   By 1990, Monex International had no employees.

59.   During and around 1991 many of the employees were shifted from Newport Service Corporation to Monex Deposit Corporation.

60.   The Monex Enterprise used the same telephone numbers—800-854-

1   3361 and (714) 752-1400— both before and after the shift of the Monex

2   Enterprise from Monex International to the New Monex Entities.

3        61.    The Monex Enterprise used the same office space—4910 Birch

4   Street, Newport Beach, California—both before and after the shift of the Monex

5   Enterprise from Monex International to the New Monex Entities.

6        62.    The Principals of the Monex Enterprise controlled the assets of both

7   Monex International and the New Monex Entities.

8        63.    The Principals of the Monex Enterprise transferred the goodwill of

9   Monex International and the Monex Enterprise to the New Monex Entities.

10        64.    In promotional materials believed to have been used by the New

11   Monex Entities in June 1990, Monex Credit Company and Monex Deposit

12   Company were identified as being "affiliate companies" of Monex International,

13   Ltd.

14        65.    Since at least December 1996, Monex Deposit Company—through its

15   website monex.com—has sought to capitalize on the name, history, and goodwill

16   of the Monex Enterprise from long before the existence of the New Monex

17   Entities.

18        66.    In December 1996, Monex Deposit Company on its website

19   represented that the "Monex group of companies have served the precious metals

20   investing public since 1967." It stated: "Monex affiliated companies have been

21   offering precious metals investments since 1967. Monex Deposit Company

22   (MDC) and its affiliates have executed transaction with customers totaling over

23   $14 billion."

24        67.    In August 2006, Monex Deposit Company represented on its website:

25   "Monex is the largest and oldest investment firm offering precious metals to the

26   individual investor and as such we have products and programs that we believe are

27   unique in the industry. Our 30-year history is a testimonial to the fact that we

28   know this business and provide a real service to the investing public."

68.   In August 2006, Monex Deposit Company represented on its website: "Monex has the experience, expertise and resources to serve most any precious metals investor's needs.  Since 1967, well over one hundred thousand investors have purchased billions of dollars of gold, silver, platinum and palladium bullion and bullion coins from Monex."

69.   In February 2007, Monex Deposit Company represented itself to the public on its website as being "America's most trusted name in precious metals for more than 30 years."

70.   In February 2007, Monex Deposit Company on its website represented that the "Monex group of companies was founded by Louis E. Carabini in 1967 . . . ."  "For over 30 years, the Monex companies have been America's gold and precious metals investment leader."  "Today, three generations of the Carabini family are now working with the Monex companies, including founder Louis Carabini . . . his son, Michael, . . . and his daughter, Christina.  In addition, more than 20% of Monex employees have been with the company for a decade or more . . . many of them for over 25 years."

71.   The United States is entitled to judgment against Comco Management Corp.; Concord Funding, Co. LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport Service Corp. in the amount of $378,237,162.42 through June 15, 2008, plus subsequent statutory accruals including interest and penalties plus costs and expenses because they are the alter egos of and constitute a single enterprise with Monex International, Ltd.

## COUNT III

### Claim to impose successor-in-interest liability

72.   The United States realleges paragraphs 1 through 71.

73.   The New Monex Entities are liable for the unpaid federal tax assessments against Monex International, Ltd., because they are the successors-in-

- 10 -

1    interest to Monex International, Ltd.

2        74.    The New Monex Entities assumed the Monex Enterprise, and its

3    employees, location, phone numbers, and goodwill during the late 1980s and early

4    1990s without providing fair consideration to Monex International.

5        75.    Through the conveyance of the Monex Enterprise, the United States

6    is left without recourse against Monex International.

7        76.    The United States is entitled to judgment against Comco Management

8    Corp.; Concord Funding, Co. LLC; Metco Management Corp.; Monex Credit Co.;

9    Monex Deposit Co.; and Newport Service Corp. in the amount of $378,237,162.42

10   through June 15, 2008, plus subsequent statutory accruals including interest and

11   penalties plus costs and expenses because they are the successors-in-interest of

12   Monex International, Ltd.

13

14                            **COUNT IV**

15               **Claim to impose fraudulent-conveyee liability**

16       77.    The United States realleges paragraphs 1 through 76.

17       78.    The New Monex Entities are liable to the United States for the assets

18   received from Monex International and their proceeds because the New Monex

19   Entities are the fraudulent conveyees of the Monex Enterprise, and its employees,

20   location, phone numbers, and goodwill from Monex International, Ltd.

21       79.    The transfer of the Monex Enterprise, and its employees, location,

22   phone numbers, and goodwill during the late 1980s and early 1990s was made

23   with the intent to prevent the United States from reaching the assets and income of

24   the Monex Enterprise.

25       80.    The transfer of the Monex Enterprise and its employees, location,

26   phone numbers, and goodwill was without receiving reasonably equivalent value

27   in return and while the Principals of Monex believed or reasonably should have

28   believed that Monex International would be without resources to pay the

                                  - 11 -

1   outstanding federal tax liability.

2        81.   The New Monex Entities assumed the Monex Enterprise, and its

3   employees, location, phone numbers, and goodwill during the late 1980s and early

4   1990s without providing fair consideration to Monex International.

5        82.   The United States is entitled to judgment against Comco Management

6   Corp.; Concord Funding, Co. LLC; Metco Management Corp.; Monex Credit Co.;

7   Monex Deposit Co.; and Newport Service Corp. as fraudulent conveyees of

8   Monex International, Ltd., and attaching the assets transferred and their proceeds

9   in satisfaction of the Government's claim.

10

11       WHEREFORE, the United States of America requests the Court to:

12       (a)   Enter judgment against PCCE, Inc., in the amount of $378,237,162.42

13   as of June 15, 2008 plus subsequent statutory accruals including interest and

14   penalties plus costs and expenses;

15       (b)   Find that Comco Management Corp.; Concord Funding Co., LLC;

16   Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport

17   Service Corp. are the alter egos of and constituted a single enterprise with Monex

18   International, Ltd.;

19       (c)   Find that Comco Management Corp.; Concord Funding Co., LLC;

20   Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport

21   Service Corp. are successors-in-interest of Monex International, Ltd.;

22       (d)   Enter judgment against Comco Management Corp.; Concord Funding

23   Co., LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and

24   Newport Service Corp. in the amount of $378,237,162.42 plus subsequent

25   statutory accruals including interest and penalties plus costs and expenses;

26       (e)   Find that Comco Management Corp.; Concord Funding Co., LLC;

27   Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and Newport

28   Service Corp. are fraudulent conveyees of the Monex Enterprise from Monex

- 12 -

1  International, Ltd.;

2      (f)    Enter judgment against Comco Management Corp.; Concord Funding

3  Co., LLC; Metco Management Corp.; Monex Credit Co.; Monex Deposit Co.; and

4  Newport Service Corp., for the assets transferred and their proceeds and attach

5  those assets and their proceeds in satisfaction of the Government's claim; and

6      (g)    Order any further relief it deems just and appropriate.

7

8  DATED: June 13, 2008                 THOMAS P. O'BRIEN

9                                        United States Attorney

10                                       SANDRA R. BROWN
                                         Assistant United States Attorney
11                                       Chief, Tax Division

12

13                                       ANDREW PRIBE
                                         Assistant United States Attorney
14
                                         Attorney for Defendant
15                                       United States of America

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -