1   NEIL A. GOTEINER (State Bar No. 83524)
        ngoteiner@fbm.com
2   DEEPAK GUPTA (State Bar No. 226991)
        dgupta@fbm.com
3   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:    (415) 954-4480

6   Attorneys for Defendants
    COMCO MANAGEMENT CORPORATION;
7   CONCORD FUNDING CO., LLC; METCO
    MANAGEMENT CORPORATION; MONEX
8   CREDIT CO.; MONEX DEPOSIT CO.;
    NEWPORT SERVICE CORP.

9
    RUFUS V. RHOADES
10  P.O. Box 7068
    Pasadena, CA  91109-7068
11  Telephone:  (626) 683-4566
    Facsimile:  (626) 792-0195

12
    Attorney for Defendant
13  PCCE, INC.

14
15                  UNITED STATES DISTRICT COURT

16                 CENTRAL DISTRICT OF CALIFORNIA

17                      SOUTHERN DIVISION

18

| 19  UNITED STATES OF AMERICA, | Case No. SACV08-00668 JVS (RNBx) |
|---|---|
| 20                    Plaintiff, | **CORRECTED DECLARATION OF DEEPAK GUPTA IN SUPPORT OF** |
| 21           vs. | **DEFENDANTS' SUPPLEMENTAL MEMORANDUM REQUESTING** |
| 22  COMCO MANAGEMENT | **THAT THE IRS RETURN DEFENDANTS' DOCUMENTS** |
| 23  CORPORATION; CONCORD FUNDING CO., LLC; METCO MANAGEMENT CORPORATION; | **WHICH THE IRS RECEIVED FROM VINCENT SPONDELLO AND REQUESTING PROTECTIVE** |
| 24  MONEX CREDIT CO.; MONEX DEPOSIT CO.; NEWPORT | **ORDER** |
| 25  SERVICE CORP.; and PCCE, Inc., | Date:         December 1, 2009 |
| 26                    Defendant. | Time:         9:30 a.m. Courtroom:  6D Hon. Robert Block |

27

28

I, Deepak Gupta, declare as follows:

1.     I am an attorney duly admitted to practice in the State of California and am an attorney at the law firm of Farella Braun & Martel LLP ("Farella"), counsel for Defendants Comco Management Corporation, Concord Funding Co., LLC, Metco Management Corporation, Monex Credit Co., Monex Deposit Co. and Newport Service Corp., Defendants in the above-captioned matter.  I have personal knowledge of the matters stated herein, and if called to testify, could and would testify competently thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of a May 6, 2009 letter from Andrew Pribe to Neil Goteiner.

3.     Attached hereto as Exhibit B is a true and correct copy of an email dated October 3, 2009 from Neil Goteiner to Andrew Pribe.

4.     Attached hereto as Exhibit C is true and correct copy of United States' Response to Defendants' Supplemental Authority in *United States of America v. SDI Future Heath, Inc.*, Case No. CR-S-05-0078-PMP-GWF (D. Nev.), Docket 111, filed July 21, 2006.

5.     Attached hereto as Exhibit D is a true and correct copy of additional redacted excerpts from the May 30, 2009 memorandum from Robert Stientjes to the Internal Revenue Service.

6.     Attached hereto as Exhibit E is a true and correct copy of a document that was produced to Defendants in the California State Court action and appears to be an email from Robert Stientjes to AUSA Pribe dated April 30, 2009.

7.     Attached hereto as Exhibit F is a true and correct copy of a document that was produced to Defendants in the California State Court action and appears to be an email from Robert Stientjes to AUSA Pribe dated May 29, 2009.

FARELLA BRAUN & MARTEL LLP
235 MONTGOMERY STREET, 17TH FL
SAN FRANCISCO, CA 94104
(415) 954-4400

CORR. GUPTA SUPP. DECL. I/S/O DEFS' MOT.
REQUESTING RETURN OF DOCUMENTS; Case          - 2 -          23432\2080570.1
No. SACV08-00668 JVS (RNBx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 17th day of November in San Francisco, California.

/s/ Deepak Gupta
Deepak Gupta

FARELLA BRAUN & MARTEL LLP
235 MONTGOMERY STREET, 17TH FL
SAN FRANCISCO, CA 94104
(415) 954-4400

CORR. GUPTA SUPP. DECL. I/S/O DEFS' MOT.
REQUESTING RETURN OF DOCUMENTS; Case
No. SACV08-00668 JVS (RNBx)          - 3 -          23432\2080570.1

# EXHIBIT A



U. S. Department of Justice

**United States Attorney**
**Central District of California**

Andrew Pribe                                    *300 North Los Angeles Street*
*Assistant United States Attorney*              *Los Angeles, California 90012*
                                                *(213) 894-6551 (voice)*
                                                *(213) 894-0115 (fax)*

<u>*via e-mail and regular US mail*</u>
Neil A. Goteiner                                May 6, 2009
Farella, Braun & Martel, LLP
Russ Building
235 Montgomery Street
San Francisco, California 94104

    Re:    United States v. Comco Management Corp., *et al.*
              Case No.: SA CV 08-668 JVS (MLGx) (C.D. Cal.)

Dear Mr. Goteiner:

    I enclose documents bearing bates numbers ADM017163 through ADM020428.  The documents are broken down into files captioned "DOC." Please note that the individual pdf files may not necessarily reflect distinct paper documents.  For example DOCxxx may include several individual paper documents.  I recognize that I have not yet produced to you documents bearing bates numbers ADM014271 to ADM017162.  We are still in the process of reviewing those.

    The documents produced are part of six boxes of documents sent to me by Dan Smith.

    Because this is informal discovery and my objective is to produce to you documents as quickly as possible, I am not providing a *Vaughn* index.

                         Sincerely yours,

                         THOMAS P. O'BRIEN
                         United States Attorney

                         ANDREW PRIBE
                         Assistant United States Attorney

encl.

# EXHIBIT B

-----Original Message-----
**From:** NGoteiner@fbm.com [mailto:NGoteiner@fbm.com]
**Sent:** Saturday, October 03, 2009 6:17 PM
**To:** rob@rewardtax.com; andrew.t.pribe@usdoj.gov; coviello@coviello-law.com
**Cc:** DGupta@fbm.com; BDonnelly@fbm.com; BElliott@fbm.com
**Subject:** Spondello's tax payer representative status

As discussed, we think it clear from documents that the IRS produced to us and from Spondello's testimony that he was a Monex taxpayer representative and therefore could not be a whistle blower/informant. We don't believe that he needed IRS powers of attorney to be a taxpayer representative if the IRS treated him as one, but if you do, and intend to so argue, please produce those powers of attorney that you have in your files. We found recent ones and are still looking for earlier ones for the relevant companies. I would think that the IRS keeps them. We also believe that Spondello either destroyed them, or produced them to either Rob or Bob. Thanks. Neil

# EXHIBIT C

1  DANIEL G. BOGDEN
   United States Attorney
2  STEVEN W. MYHRE
   CRANE M. POMERANTZ
3  ROGER W. WENTHE
   Assistant United States Attorneys
4  333 Las  Vegas Blvd., South, Suite 5000
   Las Vegas, Nevada  89101
5  (702) 388-6336

6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9

UNITED STATES OF AMERICA,          )
10                                 )
            Plaintiff,             )
11                                 )
        v.                         )    Case No. CR-S-05-0078-PMP-GWF
12                                 )
SDI FUTURE HEALTH, INC.,           )
13 TODD STUART KAPLAN,  and        )
JACK BRUNK,                        )
14                                 )
                                   )
15          Defendants.            )
                                   )
16 _____     )

17          **UNITED STATES' RESPONSE TO DEFENDANTS'**
                **SUPPLEMENTAL AUTHORITY**
18

19      The defendants have offered the Court the Sixth Circuit case of *In re Grand Jury Subpoenas,*

20  2006 WL 1915386 (6th Cir. 2006), as "supplemental authority" on their motion regarding the attorney-

21  client privilege.  To the extent that *In re Grand Jury Supboenas* has any bearing on any issue pertinent

22  to that motion, it supports the Government's position, not the defendants'.  The Government hereby

23  requests leave to submit the following response to the defendants' citation of supplemental authority:

24      A.    THE SUPPOSED "CONCESSION" THAT AN EVIDENTIARY HEARING IS
               NEEDED.

25      In its response to the *SDI* defendants' privilege motion, the Government demonstrated that no

26  evidentiary is necessary because (1) the privilege was waived by failure to timely assert it, (2) even if

1  the privilege had not been waived, the alleged intrusion did not rise to the level of a violation of the 5th

2  or 6th Amendments or the Court's inherent powers, and (3) even if a violation had occurred, any

3  prejudice could easily be remedied by excluding from trial any pertinent records.

4        By contrast, in the Sixth Circuit case, the Government "conceded" only that *if* some evidence of

5  disclosures of privileged materials to case agents had been presented, and *if* the Government

6  nevertheless wished to offer some of those documents into evidence at trial, *then* the "spectre" of a

7  *Kastigar*-type hearing would be raised.

8        Since the facts of the Sixth Circuit case were entirely different from those present here, the

9  Government did not "concede" anything in that case that could bind it on any issue presented by the

10 privilege motion in the *SDI* case.

11       B.      THE SUPPOSED CONTENTION THAT DEFENDANTS SHOULD PREPARE A
                 PRIVILEGE LOG FROM MEMORY.
12

13       Defendants argue that a "focal point" of the Government's opposition to their privilege motion is

14 that defendants should have prepared a privilege log from memory, citing the Government's responsive

15 brief at pages 8-10.  Actually, the Government argued there that one reason the defendants had waived

16 the attorney-client privilege was their failure to specifically assert it despite defendants' presence at the

17 search and their assertion then of privilege as to four boxes of documents, and despite their subsequent

18 to those documents within a month after the search was executed.

19       The Sixth Circuit case, however, stands for the unremarkable proposition that when a party has

20 not had access to its own privileged documents because they are in the hands of a third party (not the

21 Government), it cannot be expected to prepare a privilege log.  Since SDI had full access to its own

22 records both before and after the seizure, this proposition simply does not apply here.

23       C.      THE SUPPOSED UNRELIABILITY OF TAINT TEAMS

24       The Sixth Circuit case involved a grand jury subpoena, rather than a search warrant.  That

25 distinction is critical, because a subpoena respondent can seek a court's assistance *before* documents are

26                                              2

1    turned over, while a warrant respondent cannot.

2           When the subpoena respondent in the Sixth Circuit case filed a motion prior to responding, the

3    court was given the luxury of deciding, before any documents changed hands, whether a privilege

4    review should be performed by a Government taint team, by the people asserting the privilege, or by a

5    court-appointed officer. Given that choice, the court decided that having a Special Master review the

6    documents would be the best option, especially since the possibility of revealing grand jury proceedings

7    was present (and is not present here). But the Sixth Circuit specifically found that in the context of a

8    search warrant, a completely different set of considerations applies. The court held:

9           In the first place, government taint teams seem to be used primarily in limited, exigent
            circumstances in which government officials have already obtained the physical control of
10          potentially-privileged documents through the exercise of a search warrant. *In such cases, the
            potentially-privileged documents are already in the government's possession, and so the use of
11          the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than
            injurious to, the protection of the privilege.*

12   2006 WL at *10 (emphasis added).

13          In the context of a search warrant, then, the Sixth Circuit considers the use of a taint team to

14   review documents to be respectful of the privilege. The Sixth Circuit case therefore supports the

15   Government's position that it handled the defendants' documents properly.

16          Dated this 21st day of July, 2006.

17
                                              DANIEL G. BOGDEN
18                                            United States Attorney

19

20                                              /s/ Roger Wenthe
21                                            STEVEN W. MYHRE
                                              CRANE M. POMERANTZ
22                                            ROGER W. WENTHE
                                              Assistant United States Attorneys
23                                            333 Las Vegas Blvd., South, Suite 5000
                                              Las Vegas, Nevada 89101
24                                            (702) 388-6336

25

26                                                    3

# EXHIBIT D

# Legal memorandum

date:   May 30, 2009

to:   Internal Revenue Service

from:   Robert J. Stientjes
Senior Attorney

subject:   Suit to (I) Establish Alter Ego Liability and (II) Set-Aside Fraudulent Conveyances

**REDACTED**

1

**REDACTED**

Folder 3.   Financial statements for alter ego company Monex Deposit Company &
Monex Credit Company for years 1987 through 1994.

**REDACTED**

Folder 7.   Financial Statement as of March 31, 2009 that includes a statistic page
showing profit of all the entities from 2003 through March 31, 2009 equal to
In just 3 months from Jan. 1, 2009 through Mar. 31, 2009 profit is

Folder 8.   Equity Analysis showing partnership cash distributions for Monex Deposit
and Monex Credit Company from 2004 through 2007 in the amount of

4

Folder 9.   Equity Distribution worksheet that shows Monex Deposit and Monex Credit cash distributions between 1987 and 2003               . From 1998 through 2003, cash distribution ʼ                    Between 1987 & 1994 Cash distribution from Monex Deposit & Monex Credit was                    They were created by the Informant, Michael Carabini, and Beth Ben-Ron (senior accountant) at the end of 2008, so Michael Carabini could determine how much he has at risk in this lawsuit should the DOJ attack the profit distributions as fraudulent conveyances.  These distributions can be set-aside by the IRS as fraudulent conveyances.

Folder 10.  Partnership cash distributions for Monex Deposit and Monex Credit Companies by payment date from 1991 through 2003.  They were created by the Informant, Michael Carabini, and Beth Ben-Ron at the end of 2008, so Michael Carabini could determine how much he has at risk in this lawsuit should the DOJ attack the profit distributions as fraudulent conveyances.  These distributions can be set-aside by the IRS as fraudulent conveyances.

Folder 11.  Partnership cash distributions for Monex Deposit and Monex Credit Companies by payment date from 1987 through 2003.  They were created by the Informant, Michael Carabini, and Beth Ben-Ron at the end of 2008, so Michael Carabini could determine how much he has at risk in this lawsuit should the DOJ attack the profit distributions as fraudulent conveyances.  These distributions can be set-aside by the IRS as fraudulent conveyances.

**REDACTED**

**REDACTED**

Kim Bassett hand written notes for tax meeting with DeCastro attorneys on January 3, 1992.

**REDACTED**

(Monex Deposit and Monex Credit).  [TAINT ISSUE:  These notes say, "DeCastro."  DeCastro is

an outside law firm who represented Monex.  This may be notes from an attorney-client communication].

**REDACTED**

Folder 28.  Kim Bassett hand-written notes for tax meeting with DeCastro on February 4, 1993.                                            Complete Newport Service Corporation and Unitmet Credit

[TAINT ISSUE:  These notes say, "DeCastro." DeCastro is an outside law firm who represented Monex.  This may be notes from an attorney-client communication].

**REDACTED**

# EXHIBIT E

**Rob Stientjes**

| | |
|---|---|
| **From:** | Rob Rewardtax |
| **Sent:** | Thursday, April 30, 2009 10:34 AM |
| **To:** | 'rob@rewardtax.com'; 'andrew.t.pribe@usdoj.gov' |
| **Cc:** | 'tom@rewardtax.com' |
| **Subject:** | New Whistleblower Case |

AUSA Andrew Pribe:

You and I spoke on Monday night regarding U.S. v. Comco Management Corp., et al., Case No. 8:08-cv-00668 (C.D. Cal. filed June 13, 2008).  At your convenience, I would like to have a teleconference with you and Revenue Officer Dan Smith, if available, to further discuss the barriers to my clients coming forward to provide additional information and assistance to you in this matter.

I spoke to the IRS Whistleblower Office on Tuesday.  The person in the Whistleblower Office, with whom I am corresponding, is Al Gibson (phone # 713-209-3725).  I copied you on the email that I sent to the Whistleblower Office before I spoke to Al Gibson.

My clients first contacted RO Dan Smith in 1994.  RO Dan Smith knows my clients' only by the alias of "Sue." Between 1994-1999, my clients sent 15 or more packages to RO Dan Smith & other IRS employees regarding and/or including (1) alter ego corporations created for the purpose of avoiding the payment of tax, (2) general ledgers, (3) purchase/sell agreements between related companies at discounted values for the purpose of avoiding the payment of tax, (4) invoices for alleged employees who performed services at the residence of the principal of the taxpayers, which were improperly deducted as business expense, (5) details & spreadsheets regarding the allocation of expenses to taxpayers/entities for the purpose of depleting the equity of the taxpayers from 1987-1994 (leaving equity of only $3.7 million) to avoid the payment of tax, and (6) details of a Charles Schwab account of the taxpayers with approximately $700,000 of silver commodities (which RO Dan Smith was able to seize for the IRS).

My clients have additional information that we believe will materially assist you in this case.

However, as you are surely aware, my clients risk significant retribution by the taxpayers and the principals of the taxpayers should my clients be exposed as Whistleblowers/Informants.  My clients fear for their safety.  This is why my clients have acted anonymously up through the date of this email.

IRC s. 7623(b) states that any informant, who provides "substantial and credible information" to the IRS or DOJ after December 2006 that leads to the collection of tax, is entitled to a reward of at least 15% of the amount collected.

The Whistleblower Office has announced that Whistleblowers/Informants who already provided information prior to December 2006 are generally excluded under IRC s. 7623(b).  However, an exception exists if the Whistleblower/Informant provides *additional* information after December 2006, which materially assists the IRS or DOJ in the assessment or collection of tax.

In determining whether a reward should be paid, it is the policy of the Whistleblower Office to contact the government employees who were responsible for handling a case to obtain their input.  Thus, assuming that my clients come forward and provide *additional* information & documentation to help you and the DOJ to win this case, I believe the Whistleblower Office will come to you and RO Dan Smith for input regarding whether my clients should receive a reward.

Based upon my interpretation of IRC s. 7623(b), my clients' ability to qualify for a reward under IRC s. 7623(b) is materially dependent upon your mindset and recommendation.  For example, if you are of the present mindset that you will win this case with or without my clients' further assistance--in other words, you currently believe that you have a very strong case even without my clients providing additional information & documentation—my clients will not be entitled to a reward no matter how good my clients' additional information is for your case-- because, under such hypothetical, you don't need my clients' information to win the case.  You would have won

the case anyway, and, thus, my clients didn't provide substantial and credible information that led to the collection of tax.

As you can imagine, my clients are not interested in coming forward and risking further exposure unless there is a strong chance for a reward under IRC s. 7623(b).

I contacted the Whistleblower Office regarding the possibility of obtaining a contract, which is allowed by IRC s. 7623(b). In the contract, I am asking the IRS to (1) waive its potential argument that my clients are Whistleblowers/Informants who already provided information prior to December 2006 and are generally excluded under IRC s. 7623(b). In addition, I am asking the IRS to (2) waive its argument that you would have won the case anyway, and, thus, my clients didn't provide substantial and credible evidence that led to the collection of tax.

During my conversations with Al Gibson of the Whistleblower Office, he told me that the IRS is generally not inclined to agree to my requests (1) & (2) without first receiving all of the information from my clients. Thus, the Whistleblower Office wants my clients to fully divulge their names and information, participate in your trial as potential witnesses, and provide any other cooperation asked of them **before** the Whistleblower Office decides whether it will raise arguments (1) & (2) to deny my clients a reward. As you can imagine, my clients are generally not inclined to agree to this scenario.

I am contacting you with this information because the ultimate outcome of my request of the Whistleblower Office for a contract waiving arguments (1) & (2), may have an impact on your case. If the Whistleblower Office does not come to terms with my clients, it may prevent you from ever obtaining their assistance. Obviously, if you are of the present mindset that you will win this case without my clients' further assistance--in other words, you currently believe that you have a very strong case even without my clients providing additional information & documentation--then you may not be concerned that my clients will not come forward. However, if you are of the mindset that you desire my clients' assistance in your case, then I hope that you will be motivated to contact Al Gibson and assist me in obtaining the agreement of the Whistleblower Office to waive arguments (1) & (2).

If you are amenable to a teleconference to further discuss this case with me, please let me know. I will make myself available at your convenience.

Very truly yours,

Robert J. Stientjes
S & P Law Firm LLC
1120 Olivette Executive Parkway
Suite 220
Saint Louis, Missouri 63132
314.743.3292  direct telephone
314.872.3988  main office
314.872.7374  facsimile
314.705.2771  cellular
www.RewardTax.com

IRS Circular 230 Disclosure: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

<hr size=2 width="100%" align=center tabindex=-1>
**From:** Rob Rewardtax
**Sent:** Monday, April 27, 2009 7:33 PM
**To:** 'robert.b.gardner@irs.gov'

**Cc:** 'tom@rewardtax.com'; 'andrew.t.pribe@usdoj.gov'
**Subject:** New Whistleblower Case

TO:    IRS Whistleblower Office

Attn:  Robert Gardner

Dear Bob,

At your earliest convenience, I need to speak to you about a new case that I have.  A brief explanation of the facts is as follows:

Corporation A has an outstanding tax assessment of $378 million arising from a tax shelter/listed transaction. The assessment stems from a Tax Court case that concluded in 1999.  Corporation A was obviously the big loser.  Before losing the case, the principals of Corporation A "stripped it clean" so that the IRS could collect nothing.  In 2008, the IRS and DOJ initiated a Court case against Corporation A and others to preserve the statute of limitations on collection, reduce the claim to judgment, and determine that there is successor liability. The name of this collection case is U.S. v. Comco Management Corp., et al., Case No. 8:08-cv-00668 (C.D. Cal. filed June 13, 2008).  The Complaint is attached to this email.  This collection case is currently pending in the district court.

My client acted as an anonymous informant between 1995-1999 in providing information to an IRS revenue officer regarding attempts to avoid collection of tax by the principals of Corporation A.  Based on information and belief, the IRS/DOJ is relying heavily on information provided by my client in the above referenced collection case.  Best of all, my client has lots more information that would be extremely helpful to the IRS/DOJ in the above referenced collection case.  My client can provide original records going back to the early 1990's, which clearly show that successor liability exists and that several defendant corporations are alter egos of Corporation A.  In essence, my client believes he can give additional information, which will make the above-referenced collection case a "slam dunk" for the IRS/DOJ.  As stated above, all information was provided by my client to the IRS/DOJ anonymously between 1995-1999.  The IRS/DOJ does not know the identity of my client, and the IRS will not find my client and obtain the additional information on their own.

My client wants to be brought in under the post-December 2006 law.  Without this assurance by the Whistleblower Office, he is not interested in providing further cooperation.  Thus, my client is looking for a contract – as allowed by IRC s. 7623.  Although you have told me that the Whistleblower Office has not entered into any contracts since the law changed in December 2006, I am hoping that this unique set of circumstances will cause the Whistleblower Office to explore this option.

Please let me know when we can schedule a time to talk about this scenario further.

I am copying Andrew Pribe, the AUSA, who filed the above referenced collection case.  I made contact with Mr. Pribe today.

Robert J. Stientjes
S & P Law Firm LLC
1120 Olivette Executive Parkway
Suite 220
Saint Louis, Missouri 63132
314.743.3292  direct telephone
314.872.3988  main office
314.872.7374  facsimile
314.705.2771  cellular
www.RewardTax.com

IRS Circular 230 Disclosure: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you

in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# EXHIBIT F

Correspondence                                                                        Page 1 of 2

---

**Rob Stientjes**

_____

**From:**    Rob Rewardtax

**Sent:**    Friday, May 29, 2009 5:36 PM

**To:**      'Pribe, Andrew T. (USACAC)'

**Subject:** RE: Correspondence

Thank you for your letter of yesterday.

My client has submitted all of his information to the Internal Revenue Service under the guise of a claim under the Tax Whistleblower Reward Program.  A Form 211 was filed with the IRS disclosing my client's name, contact information, etc.  The information turned over to the IRS includes 25 banker's boxes of documents.  The information also includes a detailed legal memorandum drafted by myself that suggests ways for you to utilize the information for the benefit of the United States.

The information that my client turned over is under the control of the IRS Whistleblower Office in Washington, DC.  I have been informed by them that they will put the Form 211 and accompanying information through their normal intake process, which includes performing a "taint" analysis to determine if any of the information cannot be disclosed to the field agent and you—i.e., whether any of the information is subject to attorney-client privilege.

They have also suggested to me that I should allow them to complete their intake process before I engage in any additional communication with you and RO Dan Smith.

I look forward to assisting you in the future.

Very truly yours,

Robert J. Stientjes
S & P Law Firm LLC
1120 Olivette Executive Parkway
Suite 220
Saint Louis, Missouri 63132
314.743.3292  direct telephone
314.872.3988  main office
314.872.7374  facsimile
314.705.2771  cellular
www.RewardTax.com

IRS Circular 230 Disclosure: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

                              size=2 width="100%" align=center tabindex=-1>

**From:** Pribe, Andrew T. (USACAC) [mailto:Andrew.T.Pribe@usdoj.gov]
**Sent:** Thursday, May 28, 2009 1:00 PM
**To:** Rob Rewardtax
**Subject:** Correspondence


<<Stientjes 052809.pdf>>

---

9/22/2009

Correspondence                                                    Page 2 of 2


Andrew T. Pribe

Assistant United States Attorney

Central District of California

Room 7211, Federal Building

300 North Los Angeles Street

Los Angeles, California  90012

T: (213) 894-6551

F: (213) 894-0115

E: andrew.t.pribe@usdoj.gov

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by replying to this e-mail message. Please destroy the original transmission and its attachments without reading or saving in any manner.