UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0668-JVS (RNBx) | Date | December 1, 2009 |
| Title | United States of America v. Comco Management Corp., et al. | | |

Present: The Honorable  Robert N. Block, United States Magistrate Judge

| Kerri Glover | n/a | CourtSmart |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Andrew T. Pribe

Attorneys Present for Defendants:

Neil Goteiner
Deepak Gupta

**Proceedings:**     (LAW AND MOTION CALENDAR)

### Defendants' Motion Requesting that the IRS Return Defendants' Documents

Case called. Counsel make their appearances. After affording counsel the opportunity to be heard on its tentative ruling (see attached), the Court grants defendants' Motion as follows:

1.   Plaintiff United States of America, and specifically the IRS Whistleblower Office, shall immediately cease any further review of the 25 boxes of documents obtained from Spondello (hereinafter the "Spondello Documents").

2.   Within thirty (30) days of today's ruling, the Whistleblower Officer shall bate stamp and turn over to defendants' counsel the originals of the Spondello Documents.

3.   The Whistleblower Officer shall not make or retain any copies of the Spondello Documents, and shall not disclose the contents of any of the Spondello Documents to Government counsel in this matter. However, the Whistleblower Officer may disclose to Government counsel the final bate stamp count of the documents being turned over to defendants' counsel.

3.   Defendants' counsel shall retain custody of the originals of the Spondello Documents at all times.

4.   Within sixty (60) days of their receipt of the originals of the Spondello Documents, defendants' counsel shall complete their privilege review and provide Government counsel with a privilege log listing all documents as to which the attorney-client privilege and/or work product protection is being asserted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0668-JVS (RNBx) | Date | December 1, 2009 |
| Title | United States of America v. Comco Management Corp., et al. | | |

        5.    At the same time the privilege log is provided, defendants counsel shall return to the Whistleblower Office all originals of the Spondello Documents that are not listed in the privilege log, and the Whistleblower Officer then will not be restricted from disclosing any of those non-privileged documents to Government counsel.

        6.    In the event that the Government disputes defendants' assertion of the attorney-client privilege and/or work product protection with respect to any of the documents listed in the privilege log, counsel for the parties shall attempt to informally resolve the dispute and, if they are unable to do, seek a Court determination in strict compliance with the requirements of Local Rules 37-1 and 37-2.

        7.    Once all privilege issues are settled, the Whistleblower Office shall turn over to defendants' counsel all notes based on any previous review of the privileged documents, as well as any documents memorializing any of the contents of the privileged documents.  Further, the Government shall be precluded from using any information contained in the privileged documents that would have been protected from discovery.

IT IS SO ORDERED.


cc:    Judge Selna

|  | : | 43 |
|---|---|---|
| Initials of Preparer | | JR for KLG |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ROBERT N. BLOCK, U.S. MAGISTRATE JUDGE

TENTATIVE RULING ON LAW & MOTION MATTER

DATE: **December 1, 2009**

CASE: **United States of America v. Comco Management Corp., et al. SACV 08-0668-JVS (RNBx)**

MOTIONS PENDING: **Defendants' Motion Requesting that the IRS Return Defendants' Documents**

---

      In its October 29, 2009 Minute Order, the Court advised the parties, for purposes of their Supplemental Memoranda, (a) that it was satisfied that defendants had made a sufficient showing of an ownership interest to have standing to seek the return of the documents and/or assert the attorney-client privilege; (b) that it was not convinced that either the Anti-Injunction Act or the statutes establishing the Whistleblower Office divested the Court of authority to grant defendants appropriate relief; and (c) that, in the Court's view, the Government's contention that there was no Fourth Amendment violation here was a red herring issue that had no bearing on the Court's determination of the Motion. The Court deems the Government's failure to file a Supplemental Memorandum as a concession to the correctness of the Court's position on the foregoing issues. Accordingly, the Court will not entertain any argument on these issues, and the Court's previous rulings on these issues will stand.

      In its October 29, 2009 Minute Order, the Court further advised the parties, for purposes of their Supplemental Memoranda, (a) that it was inclined to agree with the Government that Fed. R. Civ. P. 26(d) addresses only the timing of formal discovery, and that Fed. R. Civ. P. 26(b)(5)(B) only applies to information produced in discovery; and (b) that it was troubled by the fact that none of the cases cited by defendants in support of their various contentions appeared to be on point or even close. In their Supplemental Memorandum, defendants did not address the correctness of the Court's position on the Rule 26(d) issue. The Court deems their failure to do so as a concession to the correctness of the Court's position on that issue. Accordingly, the Court will not entertain any argument on that issue. Rather, the Court rules that the alleged conduct

TENTATIVE RULING
**United States of America v. Comco Management Corp., et al.**
**SACV 08-0668-JVS (RNBx)**
**December 1, 2009**
Page: 2

of the Government did not implicate Rule 26(d).

    Defendants did cite authority in their Supplemental Memorandum for the proposition that Rule 26(b)(5)(B) is not limited to privileged information and work product produced in discovery. See Fuller v. Interview, Inc., 2009 WL 3241542 (S.D.N.Y. 2009); Pure Power Boot Camp v. Warrior Fitness Boot Camp, 587 F. Supp. 2d 548 (S.D.N.Y. 2008).[1] However, after reviewing both cases, the Court does not find either of them persuasive with respect to this issue. In Fuller, the court merely observed that the conduct of the receiving party's counsel in the other action had violated Rule 26(b)(5)(B); the party who was seeking the return of the privileged e-mails in Fuller was doing so pursuant to Rule 26(c). In Pure Power Boot Camp, the court ordered the return of one privileged e-mail pursuant to Rule 26(b)(5)(B) without any discussion of the applicability of Rule 26(b)(5) to privileged information produced outside of discovery. However, later in the decision, the court also acknowledged that the sanctions available under the Federal Rules of Civil Procedure were not directly applicable since the alleged misconduct occurred outside the normal discovery process. The Court therefore rules that Rule 26(b)(5)(B) has no applicability to this dispute.

    Defendants also cited authority in their Supplemental Memorandum for the proposition that the Court has authority under Rule 26(c) "to issue a protective order against such *ex parte* information gathering of privileged information." See G-I Holdings, Inc. v. Baron & Budded, 199 F.R.D. 529 (S.D.N.Y. 2001). However the protective order sought in the G-I Holdings case was directed to prospective interviews with the defendants' former employees who had been privy to privileged communications; it was not directed to previously-obtained information and did not seek the return of previously-obtained documents. Moreover, both the Second Circuit and the Ninth Circuit have held that Rule 26(c) provides no authority for the issuance of protective orders purporting to regulate the use of information or documents obtained through means other than discovery in the pending proceeding. See Kirshner v. Uniden Corp of America, 842 F.2d 1074, 1080 (9th Cir. 1988); Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 945 (2d Cir. 1983). The Court therefore rules that Rule 26(c) has no applicability to this dispute.

    Defendants also cited authority in their Supplemental Memorandum for the

---

[1] In the other case cited by defendants, G. v. Hawaii, 2009 WL 1649726 (D. Hawaii), the court did not specify the authority under which it was ordering the return of the documents but merely analogized the situation to the inadvertent disclosure of privileged material, for which it cited Rule 26(b)(5)(B).

TENTATIVE RULING
**United States of America v. Comco Management Corp., et al.**
**SACV 08-0668-JVS (RNBx)**
**December 1, 2009**
Page: 3

proposition that federal courts have inherent authority "to remedy litigation practices that threaten judicial integrity and the adversary process." See Adams v. Shell Oil Co. (In re Shell Oil Refinery), 143 F.R.D. 105 (E.D. La. 1992).[2] In Shell, through ex parte contacts with a current Shell employee outside the discovery process, plaintiffs' counsel (the "PLC") had obtained possession of Shell documents. In the district court's view, regardless of whether the PLC's communication with the Shell employee was in violation of the ethical rules, "the PLC's receipt of Shell's proprietary documents in this manner was inappropriate and contrary to fair play." Id. at 108. The court reasoned:

> "The receipt of Shell's documents was more than informal fact-gathering. The PLC has effectively circumvented the discovery process and prevented Shell from being able to argue against production. Had the PLC sought to obtain these documents through the discovery process, Shell would have had the opportunity to seek a protective order pursuant to the Federal Rules of Civil Procedure." Id.

Accordingly, while acknowledging that Rule 26 did not "authorize a district court to issue protective orders with respect to documents obtained through means other than the court's discovery processes," the court granted protective relief with respect to the documents in question pursuant to its "inherent authority to control and preserve the integrity of its judicial proceedings." Id. Here, while the Government asserted in the Joint Stipulation that the Court should not exercise its "inherent authority," it did not cite any authority holding that the Court lacks inherent authority with regard to a matter relating to discovery that occurred during the pendency of the action. Rather, the Government merely referenced its previous arguments re defendants' alleged lack of ownership interest, the Anti-Injunction Act, and the Whistleblower's Office that the Court already has rejected.

Defendants also cited authority in their Supplemental Memorandum for the proposition that an AUSA prosecuting a case on behalf of the Government "will be deemed to have knowledge of and access to anything in the possession, custody or

---

[2] In their portion of the Joint Stipulation, defendants also cited cases where the courts ordered an adversary to return privileged documents that had been wrongfully taken by a former employee prior to the advent of the litigation. See Bedwell v. Fish & Richardson P.C., 2007 WL 4258323 (S.D. Cal.); Camp v. Jeffer, Mangels, Bulter & Marmaro, 35 Cal. App. 4th 620, 41 Cal. Rptr. 2d 329 (1995); Furnish v Merlo, 1994 WL 574137 (D. Or.).

TENTATIVE RULING
**United States of America v. Comco Management Corp., et al.**
**SACV 08-0668-JVS (RNBx)**
**December 1, 2009**
Page: 4

control of any federal agency participating in the same investigation of the defendant." See United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989). While Bryan involved a criminal prosecution, the Court fails to see why its rationale with respect to the access issue should not apply with equal force here. The Court also notes that the plaintiff in this action is not a particular division or office of the IRS. The plaintiff is the United States of America. See United States v. National Broadcasting Co., Inc., 65 F.R.D. 415, 419 (C.D. Cal. 1975). There, in rejecting the argument of Government counsel that the Government could not furnish information regarding documents that were then in the possession, custody or control of the President or the Executive Office, the district court reasoned:

> "[W]hile the Department of Justice upon proper authorization by the Attorney General brings antitrust actions, the Department is not the 'plaintiff.' The Department of Justice is the plaintiff's counsel. The plaintiff is the Government of the United States acting on behalf of its citizens. Therefore, when considering what action was or was not taken in compliance with the Court's orders, this Court will look to the actions or inaction of the government as a whole, not just the Department of Justice, including any action or inaction of the Executive Office of the President and its staff.". Id.

The Court therefore rules that it does have inherent authority to grant defendants appropriate relief to remedy the Government's circumvention of the normal discovery process, notwithstanding that the documents in question currently are in the possession, custody or control of the Whistleblower's Office. Moreover, the Court has concluded that its authority to grant defendants appropriate relief does not turn on the nature and extent of Mr. Pribe's involvement in the obtaining of the documents from Spondello, or on what Mr. Pribe knew about Spondello's relationship to defendants prior to the turnover of the documents. The fact of the matter is that, during the pendency of this action while he was counsel of record herein, Mr. Pribe was involved in Spondello's turnover of defendants' documents to the Government. Accordingly, while Mr. Stientjes's attempt in his declaration to disavow statements that he made in the Form 211 renders him an uncreditworthy witness so far as the Court is concerned and while the Court shares defendants' disbelief of any assertion by Mr. Pribe that he did not know or have any basis for suspecting at the time of the turnover that Mr. Stientjes's client was an employee of defendants, the Court has decided that there is no need to permit counsel for defendants to examine Mr. Pribe under oath at today's hearing.

TENTATIVE RULING
**United States of America v. Comco Management Corp., et al.**
**SACV 08-0668-JVS (RNBx)**
**December 1, 2009**
Page: 5

  Therefore, the only question remaining to be decided is what is the appropriate relief here. In the Court's view, a distinction needs to be drawn between the documents turned over by Spondello that qualify as attorney-client privileged communications and/or attorney work product, and those that do not so qualify. As to the latter category of documents, defendants still have failed to cite any cases where the Government was ordered to return documents to an adversarial party because they ostensibly were obtained in violation of an agency's internal rules. Even if Spondello had not turned over the 25 boxes of documents to the Government but rather had returned them to defendants as defendants and their outside counsel had requested, (a) defendants would have been required to preserve those documents, lest they be held liable for spoliation of evidence, and (b) all the non-privileged documents would then have been subject to discovery by the Government in the normal course. Accordingly, to the extent that defendants are seeking the return of all the non-privileged documents turned over by Spondello and/or a protective order against the use of information contained in the non-privileged documents, the Court is not inclined to grant defendants such relief. The most that the Court is inclined to do is require that the Government either provide defendants with a complete set of all the documents turned over by Spondello, or afford defendants the opportunity to inspect and copy all the documents turned over by Spondello.

  The Court is inclined to compel the Government to return all the documents turned over by Spondello that qualify as attorney-client privileged communications and/or attorney work product and to preclude the Government's use of any information contained in those documents that would have been protected from discovery. As for the methodology to accomplish this, the Court would like counsel to meet and confer, and to come up with a mutually agreeable proposal. If counsel are unable to reach an agreement, then the Court will afford each side the opportunity to present its proposal and adopt the one that seems the most reasonable.