UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COMCO MANAGEMENT CORPORATION; CONCORD FUNDING CO., LLC; METCO MANAGEMENT CORPORATION; MONEX CREDIT CO.; MONEX DEPOSIT CO.; NEWPORT SERVICE CORP.; and PCCE, INC.,<br><br>Defendants. | Case No. SACV08-00668 JVS (RnB)<br><br>[PROPOSED] **NON-WAIVER ORDER** |

///

///

///

This Order is entered pursuant to a stipulation between the United States of America, Plaintiff, and Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and PCCE, Inc.

1. Preamble.

    1.1   This Order is made under Rule 502(e) of the Federal Rules of Evidence.

    1.2   This Order is made because the parties desire to minimize costs, save time, ensure predictable outcomes, and work cooperatively regarding the production of voluminous materials in discovery.

    1.3   This Order addresses the following:

        1.3.1   Inadvertent disclosures of privileged material.

        1.3.2   Mistaken disclosures of privileged material.

        1.3.3   The scope of waiver of any privilege on production.

2. Definitions and terminology.

    2.1   The term "destroy" means to physically destroy, permanently delete, permanently redact, or other comparable means of making the document or the subject portion of the document inaccessible or unreadable.

    2.2   The term "document" refers to items of the nature specified in Fed. R. Civ. P. 34(a)(1)(A) including electronically stored information.

    2.3   The terms "producing party" and "receiving party" are used in relation to the particular document under consideration.

    2.4   The term "privilege" means the attorney-client privilege, the deliberative process privilege, the work-product doctrine, or other applicable privilege or doctrine which normally functions to protect a document from disclosure.

    2.5   The term "privileged document" means documents which are protected from disclosure by the attorney-client privilege, the deliberative process

privilege, the work-product doctrine, or other applicable privilege or doctrine which normally functions to protect the document from disclosure.

3. Duty to review documents for protection.

 3.1 Before producing documents in discovery, counsel for the producing party, or persons acting under his direct supervision, shall examine files containing documents to be produced and shall screen all documents for any applicable protection. This examination shall be performed with diligence and with due regard for the likelihood that the file contains protected documents to the extent reasonably possible in light of the time that has elapsed since the creation of many of the documents and the loss of information on the attendant circumstances of their creation. *See* section 5.1.

 3.2 Within 14 days after production or 14 days after the entry of this order, whichever is later, the producing party shall provide to the receiving party a privilege log of any documents withheld. The log shall be sufficient to meet the requirements of Fed. R. Civ. P. 26(b)(5).

4. Inadvertent disclosures.

 4.1 Provided that a party has reasonably satisfied its duty to review as specified in section 3, the producing party may request the other parties to return any privileged documents inadvertently produced with non-privileged documents. This request must be made within 14 days after discovery by the producing party of the inadvertently produced document.

 4.2 On receipt of the request for the return of the document, the receiving party shall return the document to the producing party subject only to its right to submit the document to the court as specified in section 6.1.

5. Mistaken production.

 5.1 A party may be in possession of documents for which it may not be able to determine whether a privilege applies due to the age of the document, the

1 unavailability of persons who would have relevant facts to determine the
2 applicability of the privilege, or other circumstances.

3     5.2    If, after production, a producing party determines that a produced
4 document is subject to privilege, then the producing party shall notify the receiving
5 party within 7 days of its determination that the document is subject to privilege
6 and request return of the document.

7         5.2.1  This determination must be made 30 days or more before the
8 deadline for the completion of fact discovery or 7 days after the final deposition,
9 whichever comes later. If the determination is not made by that time, then the
10 producing party may not thereafter assert that the document is privileged.

11     5.3    In its request for the return of the document, the producing party shall
12 provide the receiving party with an explanation of the recently discovered facts
13 sufficient to justify the assertion of the privilege.

14     5.4    On receipt of the request for the return of the document, the receiving
15 party shall return the document to the producing party subject only to its right to
16 submit the document to the court as specified in section 6.1.

17 6.    Copies and notes of documents produced inadvertently or mistakenly.

18     6.1    Once a document has been identified as privileged in accordance with
19 sections 4 or 5, the receiving party shall not subsequently copy or use the document
20 in any way in any proceedings unless the Court determines the document is not
21 protected or the claim for privilege is withdrawn. The only exception is that the
22 receiving party may file, under seal, the document at issue in support of any motion
23 to compel release of the information identified as privileged.

24     6.2    If the court upholds the assertion of privilege or if the receiving party
25 does not object to the assertion of privilege, then the receiving party shall destroy
26 any copies, notes, or records concerning the inadvertently or mistakenly produced
27 documents or portions of the documents subject to the conditions specified in
28 section 6.3.

6.3   The obligation to destroy notes or records concerning inadvertently or mistakenly produced documents is conditioned as follows:

6.3.1   The receiving party is not obligated to destroy notes or records unless the note or record specifically refers to the substantive content of the inadvertently or mistakenly produced document.

6.3.1.1   Thus, for example, the receiving party is not obligated to destroy notes or records which merely refer to the existence of the document, the date of the document, or discuss generally the same subject matter addressed by the document without making specific reference to the substantive content of the document.

6.3.2   The receiving party is not obligated to affirmatively review for any notes or records made more than six months before being notified by the producing party of its privilege claim over the document.

6.3.3   Any note or record made more than six months before being notified by the producing party of its privilege claim over the document shall be destroyed on discovery by the receiving party, unless it constitutes material which the receiving party has an obligation to preserve.  This obligation to preserve may arise, for example, if the note or record is part of a pre-existing administrative record that is subject to a proper discovery request.

6.3.3.1   If the receiving party is under an obligation to preserve the note or record, then the receiving party shall deliver the note or record to a filter attorney who shall produce a copy of the note or record to the producing party and who shall retain a copy of the note or record.

6.3.3.2   The filter attorney must be an attorney who is not involved in the litigation of the case although it may be someone within the same firm or Government department as the lawyers responsible for litigating the case.

     6.3.3.3 The filter attorney shall not return the note or record to counsel for the receiving party except after redacting the portion of the note or record referring to the mistakenly produced privileged material.

     6.3.3.4 If the filter attorney determines that the note or record itself is subject to a privilege of the receiving party, then the filter attorney shall retain the note or record and shall produce a privilege log to the producing party.

7. Limitation of waiver to documents produced.

  7.1 The inadvertent or mistaken production of a privileged document shall not waive any applicable privilege as long as the conditions for preserving and asserting the privilege as specified in this agreement have been satisfied.

  7.2 The intentional production of a document or portion of a document otherwise protected by the work-product doctrine or the deliberative-process privilege shall constitute a waiver of those protections only to the extent of the exact document or exact portion of the document produced.

  7.3 The intentional production of a document or portion of a document otherwise protected by the attorney-client privilege shall constitute a waiver of the privilege only to the extent of the exact document or portion of the exact document produced.

  7.4 If the receiving party believes that fairness, as contemplated in Federal Rule of Evidence 502, requires the production of any non-disclosed privileged information concerning the same subject matter then the receiving party shall notify the producing party within 60 days of the date of production or 60 days from the signing of this stipulation, whichever is later.  In its notice, the receiving party shall provide an explanation to the producing of why fairness requires the production of any non-disclosed material.

     7.4.1 If this notice is not provided within 60 days of production or 60 days from the signing of this stipulation, whichever is later, then the receiving party

waives the argument that fairness requires the production of non-disclosed privileged information.

    7.4.2 If the parties are not able to resolve the dispute then the parties shall submit the dispute to the court under the applicable local rules.

    7.4.3 The waiver of the fairness argument specified in 7.4.1 extends only to the production of the documents in discovery. It does not extend to the use of any documents in any proceeding before the Court in this case.

    7.5 This section 7 (limitation on waiver to documents produced) addresses only the production of documents in discovery. It does not address the use of any documents in any proceeding before the Court in this case. If the producing party relies on a portion of a privileged document in Court as an exhibit in support or opposition of a motion or at trial or in any other manner before the court in these proceedings, the receiving party may argue subject-matter waiver under the standards set forth in existing case law and set forth in Fed. R. Evid. 502(a) as applicable.

    7.6 The production of privileged material by Vincent Spondello or his attorneys to the Internal Revenue Service shall not constitute a waiver unless that production was authorized by Defendants.

8. Duty of the receiving party to notify the producing party of a potential inadvertent disclosure of substantive attorney-client communications and work-product material.

    8.1 If the receiving party reasonably believes that it has inadvertently received in discovery (a) substantive attorney-client material or (b) any work-product material prepared by counsel for this litigation, then it shall cease reviewing the material, sequester the material, and promptly notify opposing counsel of the receipt of the material.

    8.2 On being notified of the possible inadvertent disclosure, the producing

1  party shall respond within 7 days regarding whether the disclosure was inadvertent
2  or not.

3
4       **IT IS SO ORDERED.**

5  DATED: August 24, 2010

6
7                                           ROBER N. BLOCK
                              UNITED STATES MAGISTRATE JUDGE