1

2

3

4

5

6

7  UNITED STATES DISTRICT COURT

8  CENTRAL DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,                Case No. SACV08-00668 JVS (RNB)

11                    Plaintiff,

           vs.                               ~~[REVISED PROPOSED]~~
12                                           **PROTECTIVE ORDER**

13  COMCO MANAGEMENT
    CORPORATION; CONCORD
14  FUNDING CO., LLC; METCO
    MANAGEMENT CORPORATION;
15  MONEX CREDIT CO.; MONEX
    DEPOSIT CO.; NEWPORT SERVICE
16  CORP.; and PCCE, INC.,

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

On the parties' stipulated request for protective order, and good cause being shown, it is hereby ordered pursuant to Federal Rule of Civil Procedure 26(c):

1.    Review of confidential documents and information by counsel, counsel's staff, the parties, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to their production.

2.    Designation of confidential information may be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." Electronic storage devices such as disks may be designated as confidential by marking the outside of the device "CONFIDENTIAL." Unless otherwise stated in this order, a designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection, such documents may be produced for inspection before being marked confidential. The producing party may designate such documents as confidential by notifying the other party in writing of this designation within 14 days of the delivery of copies of the documents to the party who inspected the documents. Any such documents shall then be marked "CONFIDENTIAL." Documents that have been previously produced may be designated as confidential by way of a letter if the designation is made within 21 days of the date of this order.

3.    For purposes of this litigation, Defendants may designate documents delivered by Vincent Spondello to the IRS Whistleblower Office as confidential. Any such designations must be made within 21 days of the date of this order. Each party's rights, if any, regarding the disposition, ultimate custody, and use of those documents at the end of the case are preserved.

4.    A party may designate as confidential only material that falls within the protections of Rule 26(c) of the Federal Rules of Civil Procedure.

5.    Except as otherwise provided in this order, information or documents designated as confidential by a party under this order must not be used or disclosed

by another party or counsel for another party or any persons identified in paragraph 6 of this order for any purposes whatsoever other than preparing for and conducting the litigation in this action, which includes any appeal and the consideration of settlement.

6.      Except as otherwise provided in this order, the parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this order to any other person or entity, except that disclosures may be made in the following circumstances:

6.1     Disclosure may be made to employees of counsel for the parties who have direct functional responsibility or exercise supervisory authority for the preparation and trial or settlement of the above-captioned lawsuit and their staff. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this order requiring that the documents and information be held in confidence.  In the case of the Government, counsel for the party means the Department of Justice.

6.2     Disclosure may be made to employees of a party who have direct functional responsibility, provide direct assistance to counsel, or exercise supervisory authority for the preparation and trial or settlement of the above-captioned lawsuit and their staff.  Any such employee to whom disclosure is made must be advised of, and become subject to, the provisions of this order requiring that the documents and information be held in confidence.  In the case of the Government, and for purposes of this order, the party shall be understood to mean the IRS.

6.3     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Before disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order.

6.4     Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the above-captioned lawsuit. Before disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence.  *See* Attached Exhibit A.  Each party shall certify to the other party that each expert to whom it has disclosed information that is confidential under this protective order has so agreed.  Such certification shall be delivered on demand to the other party at the close of expert witness discovery.

6.5     Disclosure may be made to actual or potential fact witnesses when a good faith determination is made by counsel that the documents would be relevant to the witness's testimony or potential testimony.  Before disclosure to any actual or potential witness, the actual or potential witness must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence.  Each party shall certify to the other party that each actual or potential witness to whom it has disclosed information that is confidential under this protective order has so agreed.  *See* Attached Exhibit A. Such certification shall be delivered on demand to the other party at the close of fact discovery.

6.5.1     This provision does not authorize the delivery of any confidential documents to the custody of an actual or potential fact witness.  All confidential documents shown to actual or potential fact witnesses shall remain in the custody of counsel.

6.6     Disclosure may be made to witnesses during a deposition in this case. If such a disclosure is made, the witness shall be informed of this order and that the provisions of this order extend to the witness as to any confidential information disclosed to him during the deposition.

6.6.1     If the witness believes that the information designated is not confidential, then the witness may object to the designation under the procedures set forth in paragraph 17.

7.     Except as provided otherwise in this order, persons authorized to receive the disclosures under paragraph 6 must keep all documents designated as confidential which are received under this order secure within their exclusive possession and must place such documents in a secure area.

8.     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear and shall be treated as confidential under this order.

9.     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10.     In the event a party inadvertently, mistakenly or unintentionally discloses confidential information in a document that it later recognizes should have been designated as confidential, this error, in and of itself, will not constitute a waiver of its right to designate documents as confidential under this order.

11.     At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph 4 above.  This designation shall be in writing and served upon all counsel.  No

objection shall be interposed at deposition that an answer would elicit confidential information.  Transcripts will be treated as confidential for this 30-day period.  Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

12.     Nothing in this order shall limit the ability of the parties to agree that other information or documents are confidential, or the right of any party to seek any other protection it deems necessary for any documents or information.   Defendants, for example, reserve any right they have to seek protection for sensitive and potentially privileged documents in the IRS' administrative, audit and collection files.

13.     Nothing in this Order shall prevent disclosure of any confidential information if the party who designated it as confidential consents, in writing, to the disclosure.

14.     Nothing in this Order shall prevent counsel for the United States from disclosing to the appropriate federal, state, local, foreign or tribal law-enforcement authority or other appropriate agency or civil authority any non-privileged, non-work product confidential information or documents which counsel believes, either on their face or in conjunction with other information, indicate a violation or potential violation of law whether criminal, civil, or regulatory in nature.   In the case of such disclosure, this order does not restrict the use of the disclosed information by the appropriate law enforcement authorities or appropriate agency or civil authority.

15.     Nothing in this Order shall prevent the parties from disclosing confidential information or documents if necessary to comply with a subpoena or court order, whether or not originating with this Court.  But before disclosing such information or documents pursuant to this paragraph, the party must give prompt written notice to the other party of the impending disclosure.

16.     Designation of documents or information as confidential shall in addition to other sources of law have the effect of and remedies available under a rule 26(c) protective order of the Federal Rules of Civil Procedure.

17.     Any party may serve a written objection to any designation of confidentiality made by the designating party.  This notice shall specifically identify the material or information for which the objecting party wishes to have the designation removed.  Within 14 days of receipt of such objection the designating party (i) shall review the material to which the objection applies, (ii) notify the objecting party in writing whether the designating party will agree to remove the designation as requested, and (iii) if it will not agree to remove the designation, the designating party will state with specificity its reasons for not agreeing.  If an agreement cannot be reached, the designating party may file a motion in strict compliance with Local Rules 37-1 and 37-2 satisfying *inter alia* the Joint Stipulation requirement, within 14 days of the expiration of the 14-day review period specified above.  The material at issue will be treated as confidential until the Court decides the motion.  If the parties disagree about whether the information is confidential and the designating party does not timely apply to the Court under this provision, then the information shall be deemed to be not confidential.

18.     This order is limited to procedures for discovery and pretrial motions.  One or both parties may seek an additional protective order from the court regarding the protection of confidential information in hearings and at trial.

19.     The obligations of this Order shall not terminate at the conclusion of this lawsuit, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement, and shall continue in full force and effect thereafter.

20.     Within 60 days of the conclusion of this action, all materials designated by a party as confidential (and any copies thereof) that are in the possession, custody, or

1   control, of the opposing party must be returned to the party who designated the

2   materials as confidential.

3       20.1   This provision does not apply to the following:

4           20.1.1   Any documents which were used as exhibits in these

5   proceedings;

6           20.1.2   Any documents which were disclosed under paragraphs 14

7   and 15 of this order.

8           20.1.3   Copies of documents designated as confidential by

9   Defendants in its production to the Government but which are already in the

10  possession of the IRS and constitute a part of its preexisting administrative files.

11          20.1.4   Notes regarding the documents that were generated by

12  counsel or their agents or experts.

13          20.1.5   Transcripts, exhibits, and other documents that are required

14  to be maintained by the Department of Justice's written record retention policy as

15  necessary for an understanding of the case, provided that all material that is

16  confidential under this order and retained under this provision is maintained in

17  accordance with this order.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1     20.2   This paragraph does not address the final disposition of the documents

2   delivered by Vincent Spondello to the IRS Whistleblower Office.  Each party's

3   rights, if any, regarding the disposition, ultimate custody, and use of those

4   documents at the end of the case are preserved.  This order and the parties'

5   stipulation to this order neither creates nor modifies the parties' rights, if any, to the

6   disposition, ultimate custody, and use of those documents.  If the parties cannot

7   agree on the disposition of these documents, then either party may make a motion

8   regarding those documents before the conclusion of this case.

9     **IT IS SO ORDERED.**

10

11   DATED:  September 1, 2010

12                                                  ROBERT N. BLOCK
                                              UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## Acknowledgment of Stipulated Protective Order

**United States v. Comco Management Corporation; Concord Funding Co., LLC; Metco Management  Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp.; and PCCE, Inc., No. SACV08-00668 JVS (RNBx).**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order Regarding Discovery issued in <u>United States v. Comco Management Corporation; Concord Funding Co., LLC; Metco Management Corporation; Monex Credit Co.; Monex Deposit Co.; Newport Service Corp; and PCCE, Inc.,</u> No. SACV08-00668 JVS (RNBx), has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Central District of California Southern Division for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number